POLICE JURY OF WEST BATON ROUGE *v.* MARCELINE BERGERON, Curatrix, &c.

It is the effect of the inscription, and not the effect of the mortgage, which ceases at the expiration of ten years, unless there be a reinscription within that time; and hence the reinscription after ten years has effect only *from the date of the reinscription.*
Code, 3333.

APPEAL from the District Court, Sixth District, parish of West Baton Rouge, *Robertson*, J. *Favrot*, for plaintiff and appellant. *Herron*, for defendant.

VOORHIES, J. On the 5th of April, 1839, *François Bedat* mortgaged a tract of land, of eight arpents front on the Mississippi river, to secure the payment of a loan of $3200, obtained by him from the plaintiff as trustee of the legacy, under the will of the late *Julian Poydras*, in favor of the indigent girls of the parish of West Baton Rouge.

He stipulated, among other things, to pay annually ten per cent. interest on the loan, which was to be reimbursed after his death, or during his lifetime, at his option. On the 5th of September, 1842, he sold to *Daniel Contini* five of the eight arpents thus mortgaged, and the latter assumed his obligation to pay the loan.

*Contini* died without having discharged the obligation, and all the property of his succession, including the land conveyed to him by *Bedat*, was adjudicated to his wife, *Marceline Bergeron*. On the 26th of October, 1852, the land thus conveyed to *Contini* was sold by the Sheriff, under an order of seizure and sale, for the price of $1860 66⅔, leaving a balance then due to the plaintiff, as seiz-

ing creditor, of $1853 66⅓, with interest thereon at ten per cent. per annum <span>W. BATON ROUGE<br>*v.*<br>BERGERON.</span> until paid.

After the death of *Contini*, his widow, *Marceline Bergeron*, was married to *François Bedat*, who died seized as owner of the remaining three arpents of land thus mortgaged to the plaintiff. At the judicial sale of the property and effects of *Bedat's* succession, represented by the defendant as curatrix, said land was sold for the price of $1500, which the plaintiff claims to be applied by preference to the payment of said mortgage loan.

The general issue, and the prescription of five and ten years, are the only pleas contained in the answer.

The question presented to our consideration is the same as that decided in the case of *Sheppard* v. *New Orleans Cotton Press Company*, 2 An., 100, in which our predecessors held, in an elaborate opinion, since affirmed, that under Article 3333 of the Civil Code the effect of the inscription, and not the effect of the mortgage, ceased at the expiration of the ten years, unless reinscribed within that period; and hence the reinscription, after the expiration of the ten years had effect only from the date of such reinscription. In the present case, it cannot be pretended that the principal obligation is extinguished by prescription, and the reinscription of the mortgage, as its accessory, must, therefore, have effect from the date of such reinscription.

As the appellee has not filed an answer to the appeal praying for the reversal of the judgment rendered against her personally, it is not in our power to relieve her.

It is, therefore, ordered and decreed, that the judgment of the court below be avoided and reversed, except against the defendant personally, that the plaintiff recover of said defendant, as curatrix of the succession of the late *François Bedat*, the sum of fifteen hundred dollars, with preference upon the proceeds of the land, to bear date from and after the 24th of July, 1849, the date of the reinscription, to be paid in due course of administration, the costs of appeal and of the court below to be borne by said succession.