Executors of Moses Liddell *v.* M. E. Rucker and A. C. Kirkland et als.

When a party sells the right of way across a tract of land which is mortgaged, the vendee has a
right to demand security from eviction, before paying the price agreed on.

The failure to reinscribe a mortgage after the lapse of ten years, does not extinguish the mortgage,
but destroys the effect of the inscription, and gives a superior rank to those mortgages which have
been inscribed since its first registry.

The effect of the inscription of mortgages is to prevent third parties from obtaining mortgages supe-
rior in rank to those previously registered.

The meaning of that portion of Article 3333 of Civil Code, which declares that their effect ceases, is
not that the effect of the mortgage ceases, but the effect of the inscription.

If no reinscription of a mortgage is made after the lapse of ten years, a party who gives a second
mortgage to one, without informing him of the first mortgage which has not been reinscribed, is not
guilty of the fraud contemplated, or responsible for the damages allowed by Article 3329 of the Civil
Code.

Where property bearing fruits is sold, the vendee cannot avoid the payment of interest even when he
has a right to require security against eviction, unless he makes a tender or deposit of the price.

APPEAL from the District Court of the Parish of St. Mary, *Voorhies,* J.
H. C. *Wilson* and *A. L. Tucker,* for plaintiff and appellant.    *J. G. Olivier,*
for defendants.

Cole, J.    The plaintiffs, in their capacity of testamentary executors of *Moses
Liddell's* estate, sue for the recovery of the last installment of the price of a plan-
tation, sold by the deceased *Moses Liddell* to the defendants.

It consisted of two distinct tracts, one the principal plantation, the other wooded,
and plaintiff agreed in the act of sale to give the right of way or passage from
the one tract to the other.

Plaintiffs have purchased the right of way, consisting of the space of thirty
feet, over the Loisel tract, which intervenes between the main plantation and the
land of plaintiff, and tendered it to defendants.    The title of this right of way
has been made in the name of the latter.

A right of way had been previously designated, from the junction of the Loisel
tract with that of plaintiff, along the line of the latter to the woodland tract; so
that now the right of way is perfect between the two parcels of land purchased
by defendants.

The payment of the last note, now sued upon, is resisted in this court on the
ground, that the Loisel tract, across which the right of way has been granted, is
affected with mortgages ; and, therefore, the vendor of this right of way cannot
give a complete, absolute and unincumbered title.

Art. 746 of the Code provides, that an estate being mortgaged does not pre-
vent the owner from establishing servitudes on it, saving always to the creditor
the right of demanding his debt, if the establishment of the servitude evidently
depreciates the value of the estate, or of causing the estate to be sold as free from
all servitudes ; but the person who has acquired the servitude, shall have in such
case his action for the restitution of the value of the servitudes against the owner
of the estate.

If the Loisel tract thus mortgaged belonged to plaintiff, who offered a right of
way across it, defendant could not successfully demand its absolute rejection ; be-
cause the right to establish a servitude upon mortgaged property, is authorized
by Art. 746, and defendant could not claim a more perfect right of way, than
that which is provided by law.

72

Neither can defendants object to mortgages on the land, comprising the right of way, when granted by the owner of the Loisel tract; for they knew at the time of the sale, that this land was not the property of plaintiff, and if he granted them a passage between their tracts of land, he would be obliged to purchase it of the proprietor of the Loisel tract.

It is immaterial to defendants whether the passage is donated on the land of plaintiff or on that of a third party, and the existence of mortgages on the land of the latter, across which the right of way is given, is no more a legal reason for its absolute rejection, than if the passage were designated across the property of the party who has obligated himself to grant it.

Even conceding that the land upon which the right of way is located, may hereafter be sold free from the servitude, in satisfaction of the mortgages, still it is not certain that the defendants would lose the right of way, for Art. 699 of the Code declares that : When the place for the passage is once fixed, he to whom the servitude has been granted, cannot change it, but he who owes his servitude may change it from one place to another, in order that it may be less inconvenient to him, provided that it afford the same facility to the proprietor of the servitude.

The vendor of the right of passage to the defendants is, under this Article, entitled to change it from one place to another, if the latter afford the same facility to defendants.

The plaintiffs are, however, obliged to furnish security, to guaranty the defendants against the danger arising from the mortgages on the land upon which the right of servitude is granted.

The right of way was granted in the sale, and the plaintiffs guaranteed its perpetual enjoyment to the defendants.

Art. 746 of the Code does not liberate plaintiffs from the obligation to furnish security, for although it permits the owner of mortgaged land to grant servitudes upon it, still this article more particularly refers to the right of granting the servitude in despite of the mortgages of third parties. It does not oblige a party entitled to a servitude, to accept it on land which is mortgaged, as the servitude is liable to be extinguished by the sale of the property, unless the person owing the servitude furnishes security against its loss.

This Article declares the right of the owner of mortgaged property to grant the servitude.

In such a case, the obligee pays for the servitude according to the danger of eviction, or exacts security. The condition upon which he accepts it, is determined by himself. This Article does not oblige the obligee to accept a servitude upon hypothecated land, without exacting security. It merely grants the privilege of giving such survitude, leaving it to the contracting parties to fix the terms upon which it shall be given and accepted.

In the case at bar, plaintiff guaranteed the right to a passage between the tracts of land sold to defendants. He offers a passage bought by him of a third party for their benefit. It is affected with mortgages; the right of passage may hereafter to be extinguished; they are therefore entitled to require security.

Art. 2535 of the Code provides that : If the buyer is disquieted in his possession, or has just reason to fear that he shall be disquieted by an action of mortgage, or by any other claim, he may suspend the payment of the price, until the seller has restored him to quiet possession, unless the seller prefer to give security.

The defendants bought the right of way, and they cannot refuse to pay until a right of way is given upon land not subject to any mortgage, if the plaintiffs

are willing to give security. The right of way is a part of the property sold, and plaintiffs have the same privilege to exact payment after having furnished security against the danger of eviction from it, as they would have, after having given security against the danger of eviction from any other part of the estate sold.

In this court, the defendants plead the prescription of ten years against the effect of the mortgage, and alleged that the mortgage, securing the note sued upon, is prescribed, because more than ten years have elapsed since its inscription.

This plea is submitted to be tried upon the face of the record.

Conceding that more than ten years have expired since the inscription of the mortgage, this does not destroy its effect between the contracting parties, in such a manner as to extinguish it.

The failure to reinscribe after ten years, gives a superior rank to those who have inscribed their mortgages, after the expiration of the ten years, since the registry in favor of other parties was made, and destroys the effect of inscription of the mortgage. C. C. 3333.

The effect of the inscription of a mortgage, is to prevent third parties from obtaining, by inscription, mortgages superior in rank to those previously registered.

When, then, the mortgage is not reinscribed, its former inscription, after the expiration of ten years, cannot prevent subsequent mortgages, which are registered, from having a superior rank to the mortgage first registered.

The signification of that part of Art. 3333 of the Code, which declares that " their effect ceases," is not that the effect of the mortgage ceases, but the effect of the inscription. The French translation of this Article elucidates its meaning :

" Les inscriptions conservent l'hypothèque et le privilége pendant dix années à compter du jour de leur date ; leur effet cesse, même contre les parties contractantes, si ces inscriptions n'ont été renouvellées avant l'expiration de ce délai, de la même manière qu'elles ont été prises."

The effect produced by the inscription between the contracting parties is referred to in the Article 3329 of the Code, which declares that : If a person who has given a mortgage on his property, takes advantage of the neglect to register the mortgage, and engages the same property afterwards to another person, without informing him of the first mortgage, he shall be considered guilty of fraud, and shall be subject to such damages towards the party suffering thereby, as the nature of the case may require.

If no reinscription be made at the termination of ten years, a party who gives a second mortgage to one, without informing him of the first mortgage, is not considered guilty of fraud, and is not subject to damages, and thus the effect of the first inscription ceases.

After the expiration of ten years the mortgagees have the right to reinscribe, subject in rank to those creditors who have inscribed their mortgages before the prior mortgagees have been reinscribed, and after the ten years had expired within which they were obliged to have reinscribed their mortgages. 2 An. 100, *Shepherd* v. *Orleans Cotton Press Company.*

Defendants contend, that if they be held liable, they are not responsible for interest on the note. If they had wished to avoid the interest, they ought to have made a tender or deposit of the amount of the note. They cannot enjoy the fruits of the land without paying interest on the price due.

The judgment of the District Judge rejected the demand of plaintiff, as in case of nonsuit.

It is, therefore, ordered, adjudged and decreed, that the judgment of the lower court be avoided and reversed, and that the plaintiffs recover of the defendants three thousand two hundred and fifty dollars, with interest thereon, at the rate of eight per centum from the 1st of March, 1849, until paid, and the costs of both courts.

It is further ordered and decreed, that the mortgage existing on the property described in the petition, sold on the 31st of March, 1846, by *Moses Liddell* to defendants, be recognized, and that the said property be sold according to law to satisfy the judgment rendered in this case.

It is further ordered and decreed, that no execution issue in this case until the plaintiffs shall have furnished their bond, with one or more solvent securities, in the amount of the note, for which judgment is given in this suit, with interest thereon to the time of executing the bond, payable to the defendants, their heirs, assigns or representatives, and until the said bond be approved by the Clerk of the District Court setting in and for the parish of St. Mary.