No. 2647.—WILLIAM GEGAN v. MRS. B. S. BOWMAN et al.

The renunciation by the wife, in a mortgage given by her husband, does not transfer to the
mortgagee her rights of mortgage, but only transfers to him the rank to which her mort-
gage on the property of her husband was entitled at the time.

The renunciation in an act of mortgage by the wife ceases to be evidence against her, if the
mortgage is not reinscribed within ten years. Therefore, where a mortgage was given
by the husband, with a renunciation of the wife, and afterwards a second mortgage was
given without the renunciation of the wife, and the first mortgagee failed to have his mort-
gage reinscribed within ten years, the mortgage of the wife, being relieved from the effect
of her renunciation, by the failure to reinscribe, will take rank over the second mortgage,
and the first mortgage, having lost its rank by failure to reinscribe, the second will take
rank over it.

The reinscription of a mortgage after the lapse of ten years, only entitles it to rank as a mort-
gage from the date of such reinscription. And, where the wife has renounced, her consent
must be given to the reinscription, otherwise it will be inoperative as against her.

APPEAL from the District Court, parish of Tensas. *Hough, J. H.
B. Shaw* and *Mayo & Spencer*, for plaintiff and appellant. *Julius
Aroni* and *Farrar & Reeves*, for defendants and appellees.

HOWELL, J. This is an action to fix the rank of mortgages.

On the second of February, 1855, Elam Bowman executed a mort-
gage in favor of Stephen Duncan, on 3400 acres of land in the parish
of Tensas, to secure the sum of $45,000, and Mrs. Bowman intervened
in the act, and made the usual renunciation of a wife's mortgage rights
in favor of said Duncan, binding herself and her heirs at all times to
recognize and sustain the validity of her renunciation. This act of
mortgage was inscribed on the next day, and reinscribed on the thir-
teenth of September, 1865. On the tenth of January, 1861, Bowman
executed another mortgage, on 1920 acres of said land, in favor of
William M. Shaw, tutor of William Gegan, the plaintiff, in which Mrs.
Bowman did not renounce. This act was duly inscribed on the same
day.

On the eighteenth of May, 1866, Mrs. Bowman obtained a judgment
against her husband for $13,278 42, and interest, with a legal and
tacit mortgage on all his property, to take effect for $9325 from the
years 1840 and 1845, and for $3953 42 from January 1, 1862.

From the judgment fixing the relative rank of those three mortgages,
all the parties have appealed.

The first question to be settled is, the effect upon Mrs. Bowman's
mortgage rights by the failure of Duncan, within ten years, to rein-
scribe his mortgage, in which she made a renunciation in his favor.

By this renunciation she did not transfer to him her rights of mort-
gage, but simply yielded to him the rank to which, at the time, her
mortgage was entitled. 12 An. 778. Her mortgage was an accessory
to the principal obligation, existing in her favor, on the part of her
husband, and could not be transferred separately from the principal
obligation. The law of 1835 (p. 153) authorized her to make this
waiver or postponement, but it was made with reference to the exist-
ing law of registry, which became a part of the contract, and its

continuing effect depended upon Duncan's preserving his rights under the law, as to all parties who might have interests conflicting with or affected by her rights.

Now, when the inscription of his mortgage expired by the lapse of time, the effect of the inscription, that is the evidence of the mortgage, ceased not only as to third persons, but the parties to the act. C. C. 3333. Admitting Mrs. Bowman to have been a party to the act, at the end of ten years it ceased to be evidence against her of a mortgage upon her husband's property, and all mortgages then having legal existence and vitality upon that property, assumed their position the same as if Duncan's mortgage had never been created. Consequently, Mrs. Bowman's mortgage resumed its legal force and rank, and the subsequent reinscription of Duncan's mortgage acquired or operated no greater effect than a new contract of mortgage made between the parties on that day. 2 An. 100; 21 An. 204. To have any effect against her in displacing her mortgage rights, then existing in full force, her consent was necessary. We know of no law which implies her consent to a renunciation by the reinscription of the mortgage given by the husband. Laws relating to the contracts of married women are strictly construed. The position and relation of her rights, as to her husband and third persons, had materially changed, and it is not certain that she would have renewed her agreement with Duncan, as she might thereby have complicated her rights as to the Gegan mortgage, in favor of which she did not renounce, and which then had priority over Duncan's mortgage.

In this view of the case, which, in our opinion, is based on correct principles of law, all difficulty in settling the respective rights of the mortgagees disappears.

Mrs. Bowman holds the first mortgage for $9325 on all the property of her husband, and for the whole of her judgment ($13,278 42, with interest as allowed,) on the 1480 acres not subject to Gegan's mortgage. Gegan has the second mortgage on the 1920 acres described in his act, and Duncan comes last, as his mortgage takes effect only from the day of its reinscription. It follows that, if the 1420 acres will pay Mrs. Bowman's mortgage, she will take none of the proceeds of the land mortgaged to Gegan; but if not, she can claim no part of the $3953 42 until Gegan is paid. And if there is any surplus after paying the said two sums to Mrs. Bowman, and that due Gegan, it will go to Duncan. As the record shows that the land was not sold at the date of the appeal, the cause must be remanded for distribution.

It is therefore ordered that the judgment appealed from be reversed, and this cause remanded to the lower court to be proceeded in according to the foregoing views, and according to law; costs of appeal to be paid by Duncan, and those of the lower court to abide the final decision.