No. 3234.—CHARLES K. BYRNE *v.* THE CITIZENS' BANK.

If a mortgage is not reinscribed within ten years, its rank becomes postponed to those mortgages which were placed of record subsequent thereto, but which were not perempted at the time of the reinscription. Therefore, if the property mortgaged be sold under the mortgage which has lost its rank for want of reinscription within ten years it can only be sold subject to the mortgages having priority of rank. This priority of rank is to be determined by the date of registry, allowing to a mortgage which has perempted before reinscription to date only from the date of registry of the reinscription.

APPEAL from the Thirteenth Judicial District, parish of Madison. *Hough,* J. *W. W. King,* for plaintiff and appellant. *Farrar & Aroni,* for defendant and appellee.

TALIAFERRO, J. The Citizens' Bank having a mortgage on a tract of land lying in the parish of Madison proceeded *via executiva* to enforce it. An injunction was obtained by the plaintiff to prevent the sale on the ground that he is the owner of the land, having, as he alleges, purchased it at sheriff's sale, holding under the deed of the sheriff, dated third of October, 1868. He shows a judgment, a sale under execution issued upon it, and a sheriff's deed. He shows also that he took out subsequently a monition and that the same was duly homologated by judgment of a competent court, after due notice and proceedings had in conformity with law. A motion to dissolve was filed by the defendant, but the grounds therein taken will come under consideration on the examination of the merits and we omit a notice of them here. The defendant, in answer, avers that the sale under which plaintiff sets up title was gotten up in fraud of the rights of creditors and is null; that the Citizens' Bank holds the first mortgage on the property and that it could only have been sold legally, subject

to that mortgage; that the judgment under which the pretended sale was effected was predicated upon an obligation which was prescribed and a mortgage which had become extinct. The defendant expressly charges fraud and prays a dissolution of the injunction, with five hundred dollars damages and costs.

The judgment in the court below was in favor of the defendant. The injunction was dissolved with two hundred dollars damages decreed against the plaintiff and his surety on the injunction bond.

The plaintiff has appealed.

Daniel Byrne, father of the plaintiff, on the seventeenth day of April, 1856, executed in favor of Catesby Barnes four several promissory notes, each for the sum of two thousand dollars, the last one of the series maturing on the first of January, 1860. To secure the payment of these notes he gave a mortgage on the land in controversy, which was recorded on the same day the notes were executed, seventeenth of April, 1856. This mortgage was reinscribed on the twenty-ninth of June, 1868. On the twenty-seventh of February, 1866, in settlement and liquidation of a large indebtedness to Gordon & Castillo, of New Orleans, Daniel Byrne executed a mortgage upon the same land to secure to them or to any future holders thereof fifty-six promissory notes drawn by him, payable to his own order and indorsed by him, dated first of June, 1865. This mortgage was recorded in the parish of Madison on the sixth of March, 1866. On the eleventh of January, 1866, Daniel Byrne waived prescription on the last note of the series given by him on the seventeenth of April, 1856, to Catesby Barnes, and which, as we have seen, fell due on the first of January, 1860. Suit was brought upon that note by Barnes on the twenty-seventh of October, 1867, and it appears that Daniel Byrne, on the same day, waived citation, accepted service and confessed judgment. The petition in this case recites the mortgage given to secure the payment of the notes of the seventeenth of April, 1856, and prays that it be enforced against the property mortgaged. The judgment rendered in the case recognized the mortgage and directed the land mortgaged to be seized and sold. After the usual proceedings the sale was made on the third of October, 1868, and Charles K. Byrne, the plaintiff in this case, became the purchaser. The certificate of mortgages read at the sale recited as the first the mortgage of Daniel Byrne to Catesby Barnes, giving the date at which it was recorded, seventeenth of April, 1856, and the date of its reinscription, twenty-ninth of June, 1868. The mortgage in favor of the Citizens' Bank is placed as second in order on the list of mortgages recited. This mortgage contains the pact *de non alienando*. It is shown by the evidence that Daniel Byrne, the father, has continued to reside on the land sold since the sale, and that Charles K. Byrne has possession and control of the premises.

We think there is no error in the judgment. The certificate of mortgages read at the sale of the property was clear and distinct as to the dates at which the two mortgages were recorded. It showed that the mortgage to Barnes had perempted and that its reinscription postponed it to the mortgage of the Citizens' Bank, which, being first in rank, the property sold under the junior mortgage could only be sold subject to that of the Citizens' Bank.

It is therefore ordered, adjudged and decreed that the judgment of the district court be affirmed, with costs.

Rehearing refused.