## No. 231.

### H. Leonie Pichot v. Recorder of Mortgages.

1. Under Art. 176. Const. of 1879, no mortgage or privilege upon immovable property (not specially excepted therein) can affect third persons, unless recorded or registered in the parish where the property is situated, and as provided by law.

2. This Article of the Constitution brings within the scope of its principal clause both *tax mortgages* and *tax privileges*, but among the exceptions it enumerates only *tax privileges*, and not tax mortgages.

3. Therefore, *tax mortgages* are not excepted from the absolute necessity of registration, in order to bind third parties, and they do not so bind unless thus recorded.

4. Art. 176, by its language, fixes upon the registration laws *then in operation*, and permits only such mortgages and privileges (not for taxes) as have been registered in accordance with the then existing laws *to affect immovables to the prejudice of third persons*

5. Where an inscription in the mortgage office mentions simply the *tax mortgage*, it will not be recognized as preserving or concerning in any manner the *tax privilege*.

6. Under the general laws existing in 1879, a mortgage, tax or other, perempts within ten years from the date of the first inscription, if it be not re-inscribed.

7. It is made by law the ministerial duty of the Recorders of Mortgages to erase from the books of their respective offices all perempted mortgages.

8. Being such a merely ministerial duty, the Recorder of Mortgages may be proceeded against by mandamus to erase perempted tax mortgages, even where the State is concerned.

9. The mortgage is simply an accessory right. It may fall, without carrying with it the principal obligation.

10. The lapsing of a mortgage for failure to re-inscribe does not present, strictly speaking, a question of *prescription.*

*Appeal from the Civil District Court.    Tissot, J.*

*A. J. & Omer Villeré* for relator.

*John McEnery* and *J. C. Egan* for respondent, appellant.

McGLOIN, J.—Relator has sued out a writ of mandamus to compel the Recorder of Mortgages for this Parish to erase from his books an inscription for taxes of 1871. The State of Louisiana, being made party, has appeared and contested for and with the Recorder. The tax in question was registered January 4th, 1873; and this suit was brought March 21st, 1883, so that more than ten years had, at the date of bringing suit, elapsed since the recordation of said tax.

The relator contends that the tax in question is prescribed by ten years, and that it is the ministerial duty of the Recorder to cancel the inscription.

Counsel for the State of Louisiana contends that a tax is not a debt, but a forced contribution; that the laws of prescription affectin  simple debts cannot be extended so as to affect such forced contributions.

He also contends that the State being the sovereign, prescription cannot and does not run against it, unless there be some express provision of the law which brings the State into the category of those who can lose by prescription.

It seems to us that neither of these questions are necessarily involved in this case. Art. 176 of the Constitution of this State, adopted in 1879, declares that " no mortgage or privilege on im-

movable property shall affect third persons, unless recorded or registered in the parish where the property is situated, in the manner and within the time *as now prescribed by law*, except privileges for expenses of last illness, and privileges for taxes, State, parish or municipal; provided such privilege shall lapse in three years."

This Article, if applicable to taxes accrued before 1879, brings clearly within the scope of its principal provision both tax *privileges* and tax *mortgages ;* but among its exceptions it includes not tax *mortgages*, but *tax privileges* alone. It is, therefore, the tax *privilege* alone which can, in any case, bear to the detriment of third persons upon immovable property; and this only during three years. The tax *mortgage*, whether State, parish or municipal, is placed peremptorily and permanently under the dominion of the general laws as existing at the date of the adoption of said Constitution. Now, under the Civil Code, then as now existing and in force, there were provisions enforcing the recordation of mortgages, in order to preserve their force and effect against third persons.

Civil Code, Art. 3342, is as follows: "Conventional mortgage is acquired only by consent of parties, and judicial and legal mortgages only by the effect of a judgment or by operation of law.

"But these mortgages are only allowed to prejudice third persons when they have been publicly inscribed on the records kept for that purpose."

And Article 3345 is as follows:

"All mortgages, whether conventional, legal or judicial, are required to be recorded in the manner hereafter required."

Among other Articles regulating such recordations we find:

Art. 3347. "No mortgage or privilege shall hereafter affect third parties, unless recorded in the parish where the property to be affected is situated."

And further on, after fully regulating the manner of inscribing, the Civil Code has, in Art. 3369, the following:

"The registry preserves the evidence of mortgages and privi-

leges during ten years, reckoning from the day of its date; its effect ceases, even against the contracting parties, if the inscriptions have not been renewed before the expiration of this time, in the manner in which they were first made," etc.

Now, the particular inscription complained of in this case, as shown by the certificate before us, is as follows : B. 98, fo. 112 ; one mortgage, State taxes 1871, Rec'd January 4th, 1873, $473. It will be seen, therefore, that the inscription preserves only the *mortgage*, no mention being made of any privilege ; and accepting the reasoning in the case of State ex rel. Mrs. Jackson vs. Recorder of Mortgages, 34 La. An. 178, we find that the two are entirely distinct. As preservation of a mortgage, the inscription, as we have shown, is subject to the general laws and, hence, to Article 3369, Civil Code, and it became nugatory after ten years.

Furthermore, the clauses which add the rights of mortgage to those of the mere privilege, in the case of taxes, do not go into the slightest detail, and hence, we may presume that it is the mortgage already before known to the law, and as created and regulated in the Civil Code and Statutes of the State, which was in contemplation. Therefore, even if Article 176, Constitution of 1879, be not applicable, Article 3369 of the Civil Code should govern.

We have not in any manner touched upon the question of prescription as against the State. The lapsing of a mortgage for failure to reinscribe, is not, strictly speaking, a matter or question of prescription. The mortgage is not necessarily a part of the debt; it is only an accessory right. The personal obligation may stand, though the mortgage perish. The plaintiff in this case is a third person, and it does not result at all from our decision that the State has no further recourse against the original debtor. In other words, we are not called upon to decree prescription against this debt or forced contribution, whatever it may be. We simply hold, that to maintain the necessary right of mortgage, certain formalities were necessary, and that these not having been complied with, the accessory right is perempted.

Ten years or more have elapsed, as relator contends, since the

recordation of the tax in question, and before the filing of this suit, under Revised Statutes, Section 3141, it was the ministerial duty of the recorder of mortgages to erase. The conclusions arrived at in this case are in accord with those expressed by us in the case of Musson de Rochefort vs. Recorder of Mortgages, reported in 1 McGloin; for, in that case, we held that the Section 3141, of the Revised Statutes, was applicable only where more than ten years had elapsed from the date of the latest inscription. The case, as now presented, comes clearly within the purview of the Sections of the Revised Statutes in question.

Judgment affirmed.