## No. 9292.

FACTORS AND TRADERS' INSURANCE CO. VS. JOHN J. WARREN ET AL.

A married woman who intervenes in an act of mortgage by her husband, in order to waive or renounce certain rights to the property, is not a third party in the sense of the Civil Code.

When she subsequently purchases the same property, under a judgment of separation of property against her husband, and retains in her hand the amount of the mortgage granted as above stated—the conventional mortgage follows, and attaches to the property in her hands—and remains in full force as long as the debt of her husband is kept alive.

The married woman thus situated, cannot be relieved by the failure of a timely re-inscription of the mortgage, which is not perempted *quoad* the contracting parties. Conventional mortgages are not extinguished by the prescription of ten years.

APPEAL from the Civil District Court for the Parish of Orleans. *Monroe, J.*

*Nicholls & Carroll* for Plaintiff and Appellee.

*E. M. Hudson* and *E. D. White, contra.*

The opinion of the Court was delivered by

Poché, J. Plaintiff seeks to enforce mortgage rights against property formerly owned by the defendant, John J. Warren, and subsequently acquired by his wife, Annie B. Warren.

A statement of the salient facts which have given rise to the litigation is necessary to a proper understanding of the issues presented in the pleadings. Plaintiff held two notes executed by the defendant, John Warren, and both secured by mortgage on the property, now owned by his wife. One of the notes secured under an act of mortgage, dated November 2, 1860, which was inscribed on the 13th of the same month and year, re-inscribed on February 17, 1869, and again on June 23, 1880.

The mortgage securing the other note was granted on March 5, 1862, inscribed on March 6, 1862, re-inscribed on February 17, 1869, and again on June 23, 1880.

Mrs. Warren intervened in both acts for the purpose of renouncing all the rights which she might have on the property in favor, and for the benefit of, the mortgagee.

On the 9th of April, 1866, the property was adjudicated by the sheriff to Mrs. Warren in execution of a judgment of separation of property which she had obtained against her husband. Out of the price of adjudication, which was $25,000, she retained in her hands the amount sufficient to cover the two mortgages hereinabove described, amounting then in the aggregate to $9,201 and the further sum of $10,000—the amount of a second mortgage held by Josiah Cole—and she applied the balance to the payment of judicial costs, and to the credit *pro tanto* of her own judgment.

The mortgage, then existing in favor of Josiah Cole, has since been extinguished by payment of the debt, and cancelled. Hence, it forms no element in the present discussion. By authentic act under date of February 2, 1869, the notes held by plaintiff were changed and renewed without novation of the mortgage.

By part payments the claim is now reduced to five thousand dollars; for which judgment is asked against both defendants, with recognition

of mortgage on the property purchased as above set forth by Mrs. Warren.

From an adverse judgment Mrs. Warren alone has appealed.

Her defense presents the following points:

1. The prescription of ten years in bar of her personal liability.

2. The prescription of the mortgages securing her husband's indebtedness, by the lapse of ten years.

3. The peremption of the mortgages for want of timely re-inscription.

1. A great deal of time is devoted by both counsel to the discussion of the personal liability of Mrs. Warren, growing out of the adjudication of her husband's property to her.

But, under our views of the case, we eliminate this point from the discussion, by the following considerations:

It is elementary that the purchaser at such a sale takes the property subject to the preferred mortgages or privileges.   C. P. Art. 683.

In this case the property went to Mrs. Warren, burdened with the mortgage then inscribed in favor of plaintiff, to meet which she had retained the amount of the claim.

She took the property *cum onere* (Newman vs. Eaton, 27 Ann. 341), and it is, therefore, immaterial to consider or ascertain the extent of her personal liability for the payment, either to the original owner or to his preferred creditors, of the amount which she had retained as part of the consideration of her purchase.   Her property being then liable for the amount of plaintiff's claim, we will now consider by what means it has been freed from the burden, if such remission does exist.

Defendant suggests the prescription of the mortgage by the lapse of ten years: this brings us to the consideration of her second ground of defense.

2. We premise in this connection, that plaintiff's claim against John Warren has been kept alive, and that, as to him, the prescription of five years even could not avail him.

That proposition is conceded by Mrs. Warren's counsel, and their contention seems therefore to be that a mortgage can be extinguished by the prescription of ten years, independently of the condition or *status* of the debt or principle obligation, of which the mortgage is only an accessory.   Their main reliance is in the provisions of Arts. 3411 and 3369 of the Civil Code.

Art. 3411 provides, among other means of extinguishing mortgages, that of prescription.

But that article does not specify the lapse of ten years as the term of such prescription, and hence it does not bear out defendant's contention, as urged in her defense.

This might be a sufficient answer to that element of her defense.

But, under our jurispiudence, we are authorized to go a step further, and to assert that under our system of laws, conventional mortgages cannot be extinguished by prescription, unless it might be by the prescription of thirty years, on which point we express no opinion. Between the contracting parties the mortgage subsists as long as the principal obligation which it is intended to secure is kept alive. Art. 3369 reads as follows: "The registry preserves the evidence of mortgages and privileges during ten years, reckoning from the day of its date; its effect ceases, even against the contracting parties, if the inscriptions have not been renewed before the expiration of this time, in the manner in which they were first made.

The construction to which this article is subjected under the argument of defendant's counsel would suggest a conflict between its provisions and those of article 3342 of our Code, which contemplated that between the contracting parties, the mortgage takes effect without any inscription at all. From the tenor of the article, the logical conclusion would be clearly deduceable, that, if the mortgage takes its effect ·between the contracting parties without any inscription, it could not be effected by a failure to reinscribe if once inscribed, provided always that the debt which it secures be kept alive. But, on construing these two articles in connection with Article 3365 of the same code, the apparent conflict is at once dispelled, and the three articles appear legally and logically harmonious.

Article 3365 reads: "If a person who has given a mortgage on his property, takes advantage of the neglect to register the mortgage, and engages the same property afterwards to another person, without informing him of the first mortgage, he shall be considered guilty of fraud, and shall be subject to such damages towards the party suffering thereby as the nature of the case may require."

It is thus apparent that while the law gives full effect to a mortgage between the parties without an inscription—the latter does produce some effect between them,—for in case of registration the mortgager commits no fraud by engaging the same property to another person without informing him of the first or previous mortgage; and that is the effect which is contemplated to cease even between the contracting parties, under the provisions of Art. 3369. In that case, if the mort-

gage has been inscribed and has not been re-inscribed, the mortgager is released from the obligation to disclose the existence of the un-reinscribed mortgage which exists as such as to him, but is stripped of all hypothecary effect on third parties.

The point is not new in our jurisprudence, and the construction which we have just developed, was adopted by our predecessors in an early stage of our judicial history. We might, therefore, have rested our conclusions exclusively on authority, but as defendant's counsel seemed to support their theory on two decisions of this court of more recent date, we have made it our duty to maintain by logic and reasoning, the doctrine which was long since adopted, and which we intend to securely establish in the face of the serious doubt which has impressed itself on the mind of defendant's distinguished counsel.

The subject was ably treated in the case of Shepherd vs. Cotton Press, 2 Ann. 100, and subsequently in the case of Liddell vs. Rucker et al., 13 Ann. 569. In both of those cases the reverse of defendant's contention as to the prescription of conventional mortgages was announced.

We note in this connection that, under the code of 1825, the question was not as free of difficulty as it is now under the revision of the code in 1870. In the former code, Árt. 3369 contains the words: "reckoning from the day of *their date*," and the additional words: "*their effect* ceases;" whereas in the present code, both ideas are expressed in the singular number. Under that language, it is clear that the reference to the date is the registry, and the allusion to the effect is intended also for the registry, and thus the apparent ambiguity in the language of the previous code, is completely removed in the new. The change was doubtless suggested by the interpretation which prevailed in the two cases to which we have hereinabove referred. We have carefully examined the two recent decisions which defendant's counsel invoked, and we conclude that neither is in point on the discussion of this ground of her defence.

The case of Gegan vs. Bowman, 22 Ann. 336, presented an issue involving the respective ranks of mortgages claimed by the parties to the suit, whereas, the question in hand hinges upon the prescription *vel non* of a conventional mortgage in its effect on the owner of the property formerly subjected to it. The same disposition may be made of the decision in Tilden vs. Succession of Morrison, 33 Ann. 1068. An unguarded expression which fell from the pen of the organ of the court is seized with avidity by ingenious counsel as supporting their theory

of the prescription of mortgages. But that issue was not involved in the case, and the language quoted from the opinion is at best an *obiter*, which binds no one. As stated in the beginning of the opinion, the only issues under the pleadings were: "the prescriptions of the note and peremption of the mortgage." As the succession was insolvent, the contention was really between creditors *inter sese*, and not between the parties to the original contract.

In that case the court had to deal with the *peremption* of the mortgage, that is the destruction of the effect of the inscription by the lapse of time, a proposition differing entirely with the extinction of the mortgage by prescription.

The foregoing considerations lead us to conclude, as we hold, that the claim of plaintiff against John Warren, having been kept alive, the mortgage which secures it subsists in full force between them, notwithstanding the failure to timely re-inscribe the original contract, and that, if the property affected thereby was still owned by Warren, the mortgage would undoubtedly attach to it. Smith vs. Johnson, 35 Ann. 943. But as the property has passed to Mrs. Warren, we must now consider whether she can avail herself of the want of re-inscription.

3. The the effect of the mortgage has ceased to attach to the property in her hands, by reason of the *peremption* thereof is the third and last ground of her defence.

As stated above, Mrs. Warren intervened in the act for the purpose of renouncing all the rights which she may have had to the property mortgaged in favor of the mortgagee.

Is she, therefore, a third party to the mortgage within the meaning of Article 3342 of our Code? Article 3343 provides that by the words third persons used in the foregoing article, are to be understood, all persons who are not parties to the act or to the judgment on which the mortgage is founded.

Our jurisprudence has fixed the status of the wife who intervenes in an act or mortgage for the purpose of waiving her rank of mortgage as one of the parties thereto. Citizens' Bank vs. Ferry, 32 Ann. 312, and authorities therein cited.

We therefore conclude that Mrs. Warren can obtain no relief from the failure of re-inscription of the act of mortgage, and that the burden which affected her property as part of the consideration of her purchase, still bears on it, and that the judgment which recognized it is correct.

Judgment affirmed.