FOURNET, Justice.
 

 This is a mandamus proceeding instituted by secondary mortgage creditors of the Llano Del Rio Company of Nevada to compel the Clerk of Court and Ex-officio Recorder of Mortgages for the Parish of Vernon to cancel and erase from the records of his office, in so far as it affects the rights of relators, a certain mortgage executed by the said company in favor of Theodore F. Cuno on February 23, 1926, on the ground that the mortgage was not reinscribed within ten years as required by Article 3369 of the Revised Civil Code.
 

 The respondent clerk filed (1) exceptions of no cause and no right of action; (2) an “exception of misjoinder or nonjoinder of necessary parties defendant,” based on the fact that neither the heirs of the creditor whose mortgage was sought to be cancelled nor the receiver of the mortgage debtor had been made parties to the proceedings; and (3) an answer in which he admitted that the mortgage had not been reinscribed within the ten-year period and that he had refused to cancel the same, but denied that his refusal was illegal. On the same day the heirs of Theodore F. Cuno, the primary mortgage creditor, intervened in the proceedings alleging in effect that their father and mother (both now deceased) had loaned the Llano Del Rio Company $6,000 on De
 
 *779
 
 cember 1, 1919, receiving as security for the loan a mortgage which was reinscribed in 1930, and that on February 23, 1926, their father had made an additional loan of $9,000 to this same company, no part of which indebtedness had been prescribed because the company had, over a period of years, consistently made payments toward the liquidation of the entire amount. The intervenors specially pleaded that the Llano Del Rio Company was estopped to deny the indebtedness for the further reason that it had admitted the existence of same in its application to the Louisiana Moratorium Commission for an order to stay foreclosure proceedings on the mortgages in 1936.
 

 The trial judge referred the exceptions of no cause and no right of action and of nonjoinder to the merits and, on the trial of the case, made the alternative writ of mandamus peremptory, ordering the respondent clerk to cancel and erase, in so far as it affected and primed relators’ mortgage, the Cuno mortgage of 1926. The • respondent and the intervenors have appealed from this judgment.
 

 The record shows that the mortgage executed by the Llano Del Rio Company on February 23, 1926, in favor of Cuno was recorded on March 8, 1926, and was never reinscribed within the ten-year period following. In the interim, however, the company had, on September 4, 1933, executed a blanket mortgage covering the same property to secure a number of notes which it had given to various of its creditors, the relators in this proceeding. Cuno and his wife having died and their heirs having been placed in possession of their estate, including the $9,000 note secured by the mortgage here sought to be erased, these heirs, on February 26, 1936, instituted foreclosure proceedings on the mortgage. The property of the mortgage debtor was seized on March 3, 1936, and advertised for sale on the 11th of April following. The sale was stayed, however, upon the order to the Louisiana Moratorium Commission dated April 7, 1936, which had been issued upon the application of the mortgage debtor and after a hearing held with all parties concerned present on April 4, notice of said hearing having been given on March 17 previous. After the expiration of this stay period the heirs of Cuno, in August of 1936, renewed their writ of seizure and sale of the mortgaged property and, on September 18, this proceeding was instituted. In the meanwhile, on April 22, 1936, the mortgage debtor was placed in receivership.
 

 It is the settled jurisprudence of this court under the provisions of Article 3369 of the Revised Civil Code that failure to reinscribe a mortgage within ten years from the date of its original inscription affects neither the existence of the mortgage nor its rank as between the parties thereto (Shepherd v. Orleans Cotton Press Co., 2 La.Ann. 100; Bonin v. Durand, 2 La.Ann. 776; Police Jury of West Baton Rouge v. Bergeron, 11 La.Ann. 390; Byrne v. Citizens’ Bank, 23 La.Ann. 275; Seyburn v. Deyris, 25 La.Ann. 483; Watson v. Bondurant, 30 La.Ann. 1; Factors’ & Traders’ Ins. Co. v. Warren, 37 La.Ann. 85; and Harman & Stringfellow v. Legrande, 151
 
 *781
 
 La. 253, 91 So. 726) but that where the rights of third parties are affected, the re-inscription after the ten-year period takes rank only from the date of its réinscription (Executors of Liddell v. Rucker, 13 La. Ann. 569; Gegan v. Bowman, 22 La.Ann. 336; Byrne v. Citizens’ Bank, supra ; Norres v. Hays, 44 La.Ann. 907, 11 So. 462; and Hite v. Charbonnet, 193 La. 581, 192 So. 64) and that it is the mandatory duty of the recorder of mortgages, on the application of a secondary mortgage creditor or any other interested party, to cancel and erase such a mortgage in so far as it affects the applicant’s rights. Act No. 87 of 1843; Section 2239 of the Revised Statutes of 1870; Britton & Koontz v. Norment, 20 La.Ann. 508; and Chaffe & Brothers v. Morgan, 30 La.Ann. 1307.
 

 In the case of Shepherd v. Orleans Cotton Press Company, supra, the court held that the failure or delay to reinscribe a mortgage is fatal and if it “is suffered to expire without re-inscription, the mortgage loses its rank, and a subsequent re-inscription gives it effect only from the time it is made. A litigation between the mortgage creditors does not dispense from re-inscription; even the sale of the property effected under the mortgages, does not dispense from it, when the purchaser fails to pay the price. The inscription must continue until the proceeds of the property mortgaged are reduced to possession,” reasoning that “Registry laws, provided they are known and certain, can work no injury. * * *
 
 The inscription is- exclusively in the power of the party having an interest to make it. If he does not
 
 rein.
 
 scribe, he cannot complain ■of losses sustained through his own neglect.”
 
 (Italics ours.) To the same effect are the cases of McElrath v. Dupuy, 2 La.Ann. 520; Hyde v. Bennett, 2 La.Ann. 799; Hyatt v. Gallier, 6 La.Ann. 321; and Barelli v. Delassus, 16 La.Ann. 280.
 

 In the instant case, at the time the mortgage debtor applied to the Louisiana Moratorium Commissioner to stay intervenors’ foreclosure proceedings, as well as at the time the mortgage debtor was placed in receivership, the mortgage, had already perempted and the rights of the respective parties were fixed. But counsel for appellants argues that since the mortgage debtor was in receivership at the time this suit was filed, and the receiver was then marshalling and administering its effects for the benefit of all of its creditors, the relators were relegated to an opposition to the receiver’s account when finally filed, at which time, the receiver and all creditors being parties inter se, the rank of the creditors would be determined.
 

 The lack of merit in this argument is obvious for the reason that the relators are here merely endeavoring to have the rank of their mortgage established on the face of the public records and are in no way attempting to interfere with the receiver’s handling of the insolvent’s property or his distribution of the proceeds derived therefrom.
 

 For the reasons assigned, the judgment appealed from is affirmed, at appellants’ cost.