LOTTINGER, Judge.
This is a suit by Flowers, Inc., plaintiff, against Mrs. Lucy Reid Rausch, Clerk of Court of St. Tammany Parish, and the Collector of Revenue[1] for the State of Louisiana seeking a writ of mandamus to have tax assessments and liens filed in the mortgage records for St. Tammany Parish can-celled and erased insofar as they affect certain immovable property owned by the plaintiff. From a judgment in favor of plaintiff, the defendant, Secretary of Revenue and Taxation, has appealed.
There is no dispute as to the facts. On October 9, 1964, and August 9, 1966, the State of Louisiana, Collector of Revenue, recorded in the mortgage records in the parish of St. Tammany tax assessments and liens filed against Tan Ho Land and Cattle Co., Inc., for corporate income and franchise taxes. Plaintiff, Flowers, Inc., acquired certain immovable property located in St. Tammany Parish from Tan Ho Land and Cattle Co., Inc. by quitclaim deed dated November 2, 1972. At the time of this acquisition the tax assessments and liens had not been satisfied and were still of public record. On October 9, 1976, the instant suit was filed.
In appealing appellant contends the Trial Judge erred in: (1) applying LSA-C.C. art. 3369, (2) not relying on LSA-C.C. art. 3547, and (3) holding the recordation of an impre-scriptible judgment or tax assessment, in favor of the state, would perempt with the passage of ten years.
In examining the merits of this case we find the two central issues to be (1) whether recordation of a tax assessment is prescrip-tible or whether it is peremptible and (2) if it is concluded that recordation of a tax assessment perempts with the passage of time, is this peremption valid against the state.
ISSUE NO. 1
LSA-R.S. 47:1581 provides:
“Any tax, penalty, interest, or other charges duly assessed under this Sub-title, being the equivalent of a judgment, shall not be subject to the running of any prescription other than such prescription as would run against a judgment in favor of the State of Louisiana in accordance with the Constitution and laws of this state; and the recordation of such assessment shall have the same effect as a recordation of a judgment.” (Emphasis supplied.)
In Collector of Revenue v. Pioneer Bank & Trust Co., 250 La. 446, 196 So.2d 270 (1967), the Supreme Court said:
“A tax claim may be assimilated to other monied demands for purposes of this discussion, except that it is collectible by methods other than suit. Indeed, R.S. 47:1561 vests in the Collector three alternative remedies for the collection of taxes, i. e., assessment and distraint, summary court proceeding or ordinary suit (see *643 Collector of Revenue v. Olvey, 238 La. 980, 117 So.2d 563 and Collector of Revenue v. Frost, 240 La. 1067, 127 So.2d 151), and, whenever one of these remedies is exerted to final conclusion and the tax assessment or judgment, as the case may be, becomes executory by distraint or otherwise, the status of the tax claim is thus transformed into an assessment or a judgment enforceable by seizure, garnishment or distraint. It therefore necessarily follows that the constitutional prescription, applicable only to tax claims which have not been asserted during a three year period, can no longer be invoked, forasmuch as the running of that prescription has been forever tolled by the action of the Collector in having timely reduced the claim to final assessment or judgment. [Footnote omitted.]
******
“Once an assessment of taxes has been made and has become final, either by reason of the tax debtor’s failure to appeal to the Board of Tax Appeals and thereafter to the courts, or, as here, by his failure to appeal to the courts from an adverse decision of the Board of Tax Appeals, the ‘assessment’ of the Collector or the ‘judgment’ of the Board of Tax Appeals or the court, in the event of appeal, the tax assessed is no longer a claim but an established liability which may be collected either by distraint or through judicial process as provided by R.S. 47:1574. Being a final assessment or a judgment, as the case may be, the constitutional prescription provided in Section 19 of Article 19 [La.Const. (1921)] is irrelevant and were any prescription at all applicable it would be the one which applies to judgments. But the prescription applicable to judgments or final assessments cannot be invoked against the State. For Section 16 of Article 19 of the Constitution [La.Const. (1921)] declares: ‘Prescription shall not run against the State in any civil matter, unless otherwise provided in this Constitution or expressly by law’. And R.S. 47:1579 states ‘There shall be no prescription running against any state tax, license, excise, interest, penalty or other charges levied under this Sub-title, except that ordained in the Constitution of Louisiana.’ ”
Thus the holding of Pioneer, supra, leaves no doubt that a tax assessment, is equivalent to a judgment, and upon becoming final as between the state and the tax debtor, is imprescriptible.
In Carroll v. Seip, 25 La.Ann. 141 (1873) the Supreme Court said “that a judicial mortgage, like any other, must be rein-scribed within ten years from the first inscription, in order to preserve the rank acquired by said inscription.”
The Supreme Court in reviewing the applicable jurisprudence as it relates to the registry of mortgages and the failure to timely reinscribe in State ex rel. Pickett v. Bullock, 197 La. 776, 2 So.2d 209 (1941) stated:
“It is the settled jurisprudence of this court under the provisions of Article 3369 of the Revised Civil Code that failure to reinscribe a mortgage within ten years from the date of its original inscription affects neither the existence of the mortgage nor its rank as between the parties thereto (Shepherd v. Orleans Cotton Press Co., 2 La.Ann. 100; Bonin v. Durand, 2 La.Ann. 776; Police Jury of West Baton Rouge v. Bergeron, 11 La.Ann. 390; Byrne v. Citizens’ Bank, 23 La.Ann. 275; Seyburn v. Deyris, 25 La.Ann. 483; Watson v. Bondurant, 30 La.Ann. 1; Factors’ & Traders’ Ins. Co. v. Warren, 37 La.Ann. 85; and Harman & Stringfellow v. Legrande, 151 La. 253, 91 So. 726) but that where the rights of third parties are affected, the reinscription after the ten-year period takes rank only from the date of its reinseription (Executors of Liddell v. Rucker, 13 La.Ann. 569; Gegan v. Bowman, 22 La.Ann. 336; Byrna [Byrne] v. Citizens’ Bank [23 La.Ann. 275], supra; Norres v. Hays, 44 La.Ann. 907, 11 So. 462; and Hite v. Charbonnet, 193 La. 581, 192 So. 64) and that it is the mandatory duty of the recorder of mortgages, on the application of a secondary mortgage creditor or any other interested party, to can *644 cel and erase such a mortgage in so far as it affects the applicant’s rights. Act No. 87 of 1843; Section 2239 of the Revised Statutes of 1870; Britton & Koontz v. Norment, 20 La.Ann. 508; and Chaffe & Brothers v. Morgan, 30 La.Ann. 1307. “In the case of Shepherd v. Orleans Cotton Press Company, supra, the court held that the failure or delay to reinscribe a, mortgage is fatal and if it ‘is suffered to expire without re-inscription, the mortgage loses its rank, and a subsequent re-inscription gives it effect only from the time it is made. A litigation between the mortgage creditors does not dispense from re-inscription; even the sale of the property effected under the mortgages, does not dispense from it, when the purchaser fails to pay the price. The inscription must continue until the proceeds of the property mortgaged are reduced to possession,’ reasoning that ‘Registry laws, provided they are known and certain, can work no injury. * * * The inscription is exclusively in the power of the party having an interest to make it. If he does not reinscribe, he cannot complain of losses sustained through his own neglect.’ (Italics ours.) To the same effect are the cases of McElrath v. Dupuy, 2 La.Ann. 520; Hyde v. Bennett, 2 La.Ann. 799; Hyatt v. Gallier, 6 La.Ann. 321; and Barelli v. Delassus, 16 La.Ann. 280.”
The distinction or difference between prescription and peremption was explained by the Supreme Court in Succession of Pizzillo, 223 La. 328, 65 So.2d 783 (1953), to wit:
“The difference between prescription and peremption is that the former simply bars the remedy whereas, in the latter, time is made of essence of the right granted and a lapse of the statutory period operates as a complete extinguishment of the right. [Citations omitted.] Peremption admits of no interruption or suspension; performance of the required act must be accomplished within the specified time or else the right of action no longer exists.”
Thus we hold that the effect of rec-ordation of a judgment perempts in ten years. LSA-C.C. art. 3369.
It is important, however, to note that the Supreme Court in Pioneer did not hold that the effect of recordation of a tax assessment was imprescriptible, but merely held that the tax assessment itself was im-prescriptible. The distinction between a tax assessment and the recordation of a tax assessment must be made and understood. The tax assessment is, as is a money judgment, sufficient as between the tax creditor, the state, and the tax debtor to support and authorize execution on the tax assessment as one would on a judgment. However, as between the tax creditor and third parties, just as it is necessary to record a money judgment, it is necessary to record the tax assessment for it to be effective.
We conclude therefore that a tax assessment being equivalent to a money judgment, the recordation thereof is subject to the peremptive period of ten years as provided by LSA-C.C. art. 3369. The question remains, however, as to whether this per-emptive period runs against the state.
ISSUE NO. 2
Defendant-appellant argues that in Collector of Revenue v. Pioneer Bank & Trust Company, supra, the Supreme Court held that a tax assessment, once made, is impre-scriptible, and thus there is no need for the state to adhere to LSA-C.C. art. 3547 and revive its tax assessment which is equivalent .to a judgment. Since there is no need to revive this judgment, there is no need to reinscribe it. It further argues that in LSA-R.S. 9:5685, the legislature has provided that prescription and/or peremption will run against the state on judgments of $1,000.00 or less, thus evidencing the legislature’s commitment that prescription and/or peremption shall not run against the state on larger judgments.
Article 12, § 13 of the 1974 Louisiana Constitution and Article 19, § 16 of the 1921 Louisiana Constitution state that “Prescription shall not run against the state in any civil matter, unless otherwise provided in this constitution or expressly by law.”
*645 Without question, the drafters of both the 1921 and the 1974 Constitutions prohibited the running of prescription against the state, but were silent as to whether per-emption was included in the general terminology of prescription.
As early as 1900 the Supreme Court in Guillory v. Avoyelles Ry. Co., 104 La. 11, 28 So. 899 (1900) differentiated between prescription and peremption when it said:
“Statutes of prescription simply bar the remedy. Statutes of peremption destroy the cause of action itself. That is to say, after the limit of time expires the cause of action no longer exists; it is lost.”
We must conclude, therefore, that such differentiation was known to the drafters of the 1921 and the 1974 Constitutions. Knowing this distinction, had the drafters of these constitutions wished to exclude the state from the application of the theory of peremption, they could have so expressed themselves, as they did with the state’s exclusion from prescription.
Additionally, in Pichot v. Recorder of Mortgages, 2 McGloin 68 (La.App. Orl. Cir. 1884), suit was filed seeking a writ of mandamus to have erased an inscription for taxes for the year 1871. The tax was recorded on January 4, 1873, and suit was filed on March 21, 1883. It was the contention of plaintiff that the tax had prescribed by ten years, and it was the duty of the recorder to cancel the inscription. The state argued that taxes being a forced contribution, prescription does not apply and further, that prescription does not run against the state.
In concluding that Civil Code Art. 3369 was applicable the Court said:
“We have not in any manner touched upon the question of prescription as against the State. The lapsing of a mortgage for failure to reinscribe, is not, strictly speaking, a matter or question of prescription. The mortgage is not necessarily a part of the debt; it is only an accessory right. The personal obligation may stand, though the mortgage perish. The plaintiff in this case is a third person, and it does not result at all from our decision that the State has no further recourse against the original debtor. In other words, we are not called upon to decree prescription against this debt or force contribution, whatever it may be. We simply hold, that to maintain the necessary right of mortgage, certain formalities were necessary, and that these not having been complied with, the accessory right is perempted.” (Emphasis supplied).
We thus conclude as our brethren did years ago that there exists no constitutional prohibition of the application of LSA-C.C. art. 3369 as against the state. We know of no compelling reasons why the theory of peremption should not be applicable as against the state. To disallow the application of LSA-C.C. art. 3369 would cause disruption to the settled law and jurisprudence affecting title transfers in this state. If LSA-C.C. art. 3369 is not applicable, once a tax assessment is recorded, it would then forever attach to property the tax debtor then owned or in the future owned, regardless of the length of years transpiring. This then would necessitate a search of the mortgage records dating back to acquisition from the sovereign.
Therefore, for the above and foregoing reasons the judgment of the Trial Court is affirmed with the defendant-appellant to pay all costs as allowed by law.
AFFIRMED.

. The Department of Revenue, including the office of Collector of Revenue was abolished and the powers, duties, functions and responsibilities were transferred to the Secretary of and the Department of Revenue and Taxation. LSA-R.S. 36:451 et seq.