Bullard, J.
The plaintiff, Polly Lucy Travis, alias Mary L. Graves, the wife of Richard Graves, asserts title to a negro woman, named Jennie, and her children, who were seized as the property of her husband, at the suit of Hemken. She claims under the will of her father, Sherod Sims, of South Carolina, deceased. The defendants allege, that the slaves belong to the husband, and were brought into the State by him, and that he has always possessed them as his property.
The plaintiff had a verdict and judgment, and the defendant, Hemken, appealed.
The children of the plaintiff joined in this suit, but as they *104 have shown no right during the lifetime of their mother, they may be left out of view.
The will, which appears to have been sufficiently piobated in South Carolina, and its execution ordered by the appointment of administrators, cum testamento annexo, the executors named in the will having declined the trust, gave to the plaintiff, under the name of Polly Lucy Graves, and her heirs born of her body, one negro girl, named Jennie, &c. The identity of the slave is sufficiently shown, and that she was brought to the State when the family moved here in 1836. They lived formerly in Mississippi.
It was objected, that there was such a variance between the copy of the will offered in evidence on the trial, and that filed on the prayer of oyer, that the former ought not to have been received. We agree with the plaintiff’s counsel, that, although the party may have filed a mutilated or imperfect document, on the prayer of oyer, which is intended only to afford such information as to aid the defendant in shaping his defence, yet he is not precluded from giving in evidence, on the trial, a true- and authentic copy of the instrument on which he relies as his muniment of title.
Interrogatories were propounded to the plaintiff touching her place of residence at different times, and whether she had not resided in Alabama in 1813. 1814, and 1815. It nowhere appears in the record, that the plaintiff was ordered to answer these interrogatories as required bylaw ; and, consequently, the court . erred in directing that they should be taken pro confessis.*
*105 With respect to the damages of $200 which the jury awarded, it is shown that the woman’s services are worth from six to eight dollars per week, and that the plaintiff, as well as her husband, was reduced by the seizure to great distress. The suit was begun in 1841, and the defendant appears to have had the services of the slave siuce that time.

Judgment affirmed.

 It appears from a bill of exceptions, that the plaintiff objected to the interrogatories being taken for confessed, on the ground, that at the time they were propounded, plaintiff lived in Arkansas, and that no copy of them, or of the order of court directing her to answer, was ever served on her or her counsel. There was no period fixed by the order within which they were to be answered. The plaintiff’s counsel relied on the act of 10th February, 1843, ch. 26.
Though the plaintiff and her husband were proved to have resided, with the slaves in their possession, in Mississippi, no proof was given of the laws of that state ; and, consequently, there was no decision as to the effect of the possession by the husband, on the wife’s right, under the laws of that state.