## Hyde v. Bennett et al.

Decision in *Shepherd* v. *Orleans Cotton Press Company, ante* p. 100, affirmed.

Where an owner of property subject to mortgage is divested of his ownership by a sale of the property under execution at the suit of a third person, the subsequent bankruptcy, and discharge of the debtor, under the act of Congress of 1841, cannot affect the property, so far as the necessity of re-inscribing the mortgage within ten years from the date of the first inscription is concerned. C. C. 3333.

The institution of suit by a mortgagor will not do away with the necessity of re-inscribing a mortgage in the books of the register of mortgages, within ten years from the date of the first inscription, in order to preserve its rank.

The inscription in the office of the register of mortgages of a copy of a judgment obtained by the mortgagee, which, after decreeing that the plaintiff recover of the debtor a certain sum, orders that his "mortgage be recognized and affirmed on the property described in the petition," &c., containing no description of the mortgaged property, but merely referring to the petition in the cause, will be insufficient as a re-inscription of the original mortgage. *Per Curiam :* Inscriptions must be renewed in the manner in which they were first made. C. C. 3333. An inscription of a conventional mortgage must describe substantially the mortgaged property. It must be reasonably accurate and full in itself, so as to inform the public what property is covered, and they must not be referred elsewhere for information which should be patent on the record.

APPEAL by the defendants and warrantors from a judgment of the District Court of Natchitoches, *Olcott,* J. *Campbell* and *M. Boyce,* for the plaintiff. *P. A. Morse,* for the defendants, appellants. *Sherburne, J. B. Smith,* and *M. C. Dunn,* for the warrantors, appellants. The judgment of the court was pronounced by

SLIDELL, J. This is an hypothecary action, in which the plaintiff prays that a tract of land in the possession of the defendants may be adjudged to be subject to a mortgage executed by *Cockerille* in favor of plaintiff, and that the defendants be ordered to surrender the property, that the same may be seized and sold to pay the plaintiff's claim. The facts material to the decision of this case are, as follows : On the 10th June, 1834, *Cockerille* gave *Hyde* a mortgage on the land, for the sum of $4,604 16. This mortgage contains no pact *de non alienando.* It was recorded on the day of its execution. In 1840, *Dominique Rachal* recorded a judgment rendered in his favor against *Cockerille.* Upon execution of this judgment the land was sold, and the *City Bank* became the purchasers, on the 13th October, 1841. It was afterwards sold by the bank to *McKnight.* In 1842, *Hyde* obtained judgment against *Cockerille* for the balance due upon his mortgage claim, with a recognition of his mortgage, which judgment was recorded in May, 1842. The present action was brought in September, 1844.

One of the grounds of defence is, that the plaintiff has lost his hypothecary right, by the failure to re-inscribe his mortgage within ten years. *McKnight* being a third possessor in good faith, the failure to re-inscribe must, under article 3333 of the Civil Code, be fatal to the plaintiff, (See the case of *Shepherd* v. *Orleans Cotton Press Company, ante* p. 100,) unless some of the reasons by which he endeavors to take his case out of the general rule be tenable. These we proceed to consider.

It is in evidence that *Cockerille* is a discharged bankrupt ; and it is said that

his bankruptcy relieved the plaintiff from the necessity of re-inscription. Art. 3326 of the Civil Code, and the case of *Bethuny* v. *His Creditors*, 7 Rob. 62, are cited. It is unnecessary to enquire what would have been the rights of the parties, if *Cockerille* had continued to be the owner of the land when he was decreed a bankrupt. The precise date of the decree of bankruptcy is not shown; but it could not have been before 1st February, 1842, at which time the bankrupt law went into effect. In 1841, *Cockerille* had been divested of his ownership by the sheriff's sale to the *City Bank,* and the subsequent bankruptcy cannot be considered as affecting the property.

But it is said that the plaintiff is saved by the institution of his suit against the mortgagor in 1842, at which time ten years had not elapsed from the inscription of the mortgage. The analogy of the rules of law regulating prescription is invoked. We had occasion to consider this subject very carefully in the recent case of *McElrath* v. *Dupuy, ante* p. 520, and our opinion remains unchanged, that the institution of suit does not arrest the peremption of the inscription. It is to be observed that the circumstances of the present case are even less favorable to the plaintiff, for *McKnight* was not a party to the suit against the mortgagor.

The analogy derived from the case of a suit for the recovery of land, which defeats an alienation made pending the action so far as concerns the plaintiff, is not sound; nor, if it were, could it apply in the present case, since *Cockerille's* rights were divested, and the title under which the defendant holds was acquired, before the institution of the plaintiff's suit against the mortgagor.

But it is contended that the inscription of the judgment obtained by plaintiff in 1842, at which time the ten years had not expired, is equivalent to a re-inscription. A copy of the judgment was recorded. Its language is as follows: "It is decreed that the plaintiff recover of the defendant the sum of," &c.; " and it is further decreed that the plaintiff's mortgage be recognized and affirmed on the property described in the petition; for the payment of the above sum and interest," &c. There is then no description of the mortgaged property; but a mere reference to the petition in the cause. Inscriptions must be renewed, says the Code, in the manner in which they are first made. Art. 3333. An inscription of a conventional mortgage must substantially describe the mortgaged property. It must be reasonably accurate and full in itself, so far as to inform the public what property is covered; and they are not to be referred elsewhere for information, which should be patent upon the public record. See the cases of *Jartroux* v. *Dupeire, ante* p. 608. *Succession of Falconer*, 4 Rob. p. 5. *McElrath* v. *Dupuy, ante* p. 520. See also as to the hypothecary action against a third possessor, the case of *Brou* v. *Kohn*, 12 La. 104.

It is therefore decreed that the judgment of the court below be reversed, and that there be a judgment in favor of the defendants, with costs in both courts.