## R. C. Hyatt v. James Gallier et al.

Neither the bankruptcy of the defendant, nor the institution of an hypothecary action before the expiration of ten years from the date of the recordation of a mortgage dispense with the reinscription of the mortgage within the ten years, so far as third possessors in good faith are concerned.

APPEAL from the District Court of Jefferson, *Clark, J.*

J. *Dunlop*, for the plaintiff, amongst others, made the following point: That the plea of "failure to reinscribe," made by defendants, was not sustained by any proof, and the *onus probandi* lays on the party making the plea. In support of this ground he referred to decisions in reference to pleas of prescription, which he contended were analogous, viz: *Andrews* v. *Rhodes*, 10 R. R. 52. 5 N. S. 341. As to the *onus probandi*, he referred to 9 M. R. 48. 6 N. S. 88. Greenleaf on Evidence, No. 74.

*G. B. Duncan, A. Marks*, and *R. M. Carter*, for defendants.

The judgment of the court was pronounced by

Rost, J. This is an hypothecary action, founded upon a judicial mortgage arising from a judgment obtained by *William McLean* against *Charles Byrne* in 1840, and transferred to the plaintiff on the 20th of April, 1850. At the time the judgment was rendered, *Byrne* appeared by the public records as the owner of the three lots, now in possession of the defendants, upon which the mortgage is claimed. Among other pleas, the defendants set up as a defence the peremption of the mortgage for want of reinscription during more than ten years. The district court sustained this defence, and the plaintiff has appealed.

The judgment against *Byrne* was recorded on the 20th February, 1840. The judgment in this case was rendered on the 15th of May, 1850, and at that time no reinscription had taken place.

The plaintiff contends that the reinscription was unnecessary on two grounds: 1st. *Byrne* went into bankruptcy in 1843. The rights of the plaintiff to the judicial mortgage were then fixed, and could not be affected by the omission to reinscribe. 2nd. The defendants were cited in this suit before the expiration of ten years from the original inscription, and the suit should be decided upon the facts as they then existed.

Those two questions came up for our consideration in the case of *Hyde* v. *Bennett et al*, 2d Ann. 799 ; and we then held, that so far as third possessors in good faith are concerned, neither the bankruptcy of the debtor nor the institution of the hypothecary action within ten years from the recording of the mortgage dispensed from reinscription. This decision is is conformity with the principles recognized in *Bron* v. *Kohn*, 12 L. R. 104. *Shepherd* v. *Cotton Press*, 2d Ann. 100. *McElrath* v. *Dupuy*, 2d Ann. 520.

We believe those decisions to contain a sound interpretation of the registry laws; and as they were known long before the expiration of ten years from the date of the original inscription in this case, there is no excuse for the failure to comply with them. This view renders it unnecessary for us to examine the other points raised by the counsel for the defendants, some of which have great weight.

The judgment is affirmed, with costs.