## J. C. & ADA BARELLI v. A. DELASSUS et als.

The thing claimed as the property of the claimant cannot be alienated, pending the action, so as to prejudice his right. If judgment be rendered for him the sale is considered as a sale of another's property, and does not prevent him from being put in possession by virtue of such judgment. C. C. 2428; 9 An. 257; 13 L. 260.

The services and incorporeal rights that the third possessor holds on the property before its possession, are renewed after its relinquishment or after the sale in execution made upon him. His own creditors, after those who held their titles under the preceding proprietors, exercise their rights of mortgage in their order, on the property relinquished or sold at auction. C. C. 3372..

A party who institutes the hypothecary action, cannot interfere with the right of the defendant, as owner, to alienate the property during the pendency of suit.

To have effect against third persons, mortgages must be re-inscribed after the lapse of ten years, notwithstanding the pendency of suit.

APPEAL from the Fourth District Court of New Orleans, *Price*, J. *M. M. Cohen* and *Bradford & Finney*, for plaintiffs. *H. H. Taylor*, for defendants and appellants.

VOORHIES, J. The plaintiffs are third possessors of property, upon which the defendant seeks to enforce a judgment against his debtor, *J. A. Pellerin*.

This property, which had been purchased in *Pellerin's* name from *P. Soulé* and *J. Dominguez,* in the months of July and November, 1841, consisted of real estate situated in the city of New Orleans, and used as a cotton press factory. The purchase, although made only in *Pellerin's* name, was intended, by verbal understanding to that effect, to inure to the joint benefit of *Delassus* also. A verbal contract of partnership was entered into between these parties ; and, subsequently by another verbal agreement, they stipulated that the whole property would remain to *Pellerin,* and that he should allow to *Delassus* his disbursements for the purchase, and render an account of the partnership.

In the meantime *Pellerin* executed a mortgage on this property in favor of *Barelli,* who afterwards foreclosed the same, and became the purchaser at Sheriff's sale. Some time elapsed, and *Delassus,* who, previously to the giving of *Barelli's* mortgage, had sued *Pellerin* for a settlement of partnership, and subsequently obtained a judgment against him with privilege on this property, proceeded to levy upon it in the hands of *Barelli's* heirs.

Hence the present suit, in the nature of an injunction and third opposition. The heirs deny the existence of the mortgage or privilege claimed by *Delassus,* and contend that their ancestor, a third person, purchased the property free from incumbrances.

The first question is, whether the pendency of the suit in the Circuit Court of the United States operated as a constructive notice to *Barelli,* at the time he obtained his mortgage from *Pellerin.*

" The thing claimed as the property of the claimant," says the Civil Code, " cannot be alienated, pending the action, so as to prejudice his right. If judgment be rendered for him, the sale is considered as the sale of another's property, and does not prevent him from being put in possession by virtue of such judgment." Art. 2428.

A rigid interpretation of the above article would perhaps limit its application to a party instituting the petitory action ; but such is not the true intent and spirit. Its provisions extend also to cases of the institution of all real actions, whether possessory or hypothecary. So it has been ruled in the case of *Cautereau* v. *Lacaze,* 9 A. R. 257, in which the Court said : " The title, under which he claims, was acquired pending defendant's action against his vendor to subject the property to his claim. Under these circumstances an alienation cannot be made to the prejudice of the plaintiff's right. C. C. 2428 ; *Long* v. *French,* 13 La. 260."

Nor can the application of article 2428 be limited to the action of State Courts : a suit pending in the Federal Court, holding session in the State of Louisiana, comes within its operation. The law has made no distinction ; nor is there any reason why our Courts should discriminate.

The decisions relied upon by the defendant's counsel are not in point ; for they relate to suits pending in the Courts of sister States, or to Federal Courts held beyond the limits of our own State.

The suit brought by *Delassus* against *Pellerin* had for its object the settlement of their partnership concerns. The bill in equity set forth the facts of the verbal agreements as to the joint purchase of property in the name of *Pellerin,* as to the transfer of the former's rights of ownership to an undivided half to the latter, and to the formation and dissolution of the partnership. The bill concluded, in the alternative, that the petitioner be decreed to be a joint owner of the property in question, or that there be judgment in favor of *Delassus* for the whole amount coming to him, including the disbursements made for the purchase money.

36

BARELLI
v.
DELASSUS.

The answer of *Pellerin* to interrogatories on facts and articles, admitted the truth of the allegations in the bill as to the verbal agreements concerning the purchase and partnership; and judgment was rendered in the Circuit Court as follows, to wit: "That the plaintiffs have established their claim against the defendant for twenty-two thousand seven hundred and eighty-nine dollars and twenty-nine cents ($22,789 29), with interest thereon at the rate of five per cent. per annum from the ninth of July, 1842, until paid; and that the said debt stand as a privilege upon the land described in the bill, and proved as the land sold by *P. Soulé* to *L. A. Pellerin*, by authentic act bearing date 9th July, 1841, before *Felix Grima*, notary public; and that parcel of land purchased in the name of said *Pellerin* by an act passed before *Octave de Armas*, notary public of New Orleans, on the 9th day of November A. D. 1841, by *Jose Dominguez*, and that the said land be sold to satisfy the same, and, in case that the same be insufficient to pay the debt and costs, that said plaintiffs have execution for the remainder."

This judgment recognizes the privilege of *Delassus*, as a creditor of *Pellerin*. The validity or existence of this privileged claim cannot be questioned by the plaintiff, for the reason that this matter is final under the terms of the article of the Code (C. C. 2428). The object of the law would be defeated if he, who purchased during pendency of suit, were at liberty to open again the whole litigation, by merely shifting the *onus probandi*. The law intends that the creditor shall not thereby suffer any delay; its effect is to prevent the creditor from being, in that respect, at the mercy of the debtor, who might be tempted to do away with the property in view of defeating the former's recourse.

The plaintiffs cannot prevent the seizure and sale of the property, which they now hold as third possessors; but they are entitled to recover out of the proceeds the amount which they had to pay of mortgages superior in rank and date to that of the defendant in injunction. C. C. 3372. All incumbrances created subsequently to the institution of the suit of *Delassus* v. *Barelli*, in the United States Circuit Court, do not fall within this ruling, excepting, however, those created by law, such as taxes, &c.

The plaintiffs paid the sum of $3,600, besides interest, the amount of a conventional mortgage given by *Pellerin* to *S. M. Westmore* on the 4th day of September, 1846. This mortgage had not become extinguished by novation, as contended for by the defendant. In the act, by which an extension of time was granted to *Pellerin*, upon his furnishing another note, it was expressly stipulated that the creditor would keep the former note, and that novation would not take place.

In decreeing this amount to the plaintiffs in injunction, we must not be understood as precluding them from asserting any other rights which they may have against the property in controversy, by reason of having real charges thereon.

It is, therefore, ordered and decreed, that the judgment of the District Court be avoided and reversed; that the injunction sued out in this cause be dissolved; that the Sheriff proceed to sell according to law the property described in the proceedings, for the purpose of satisfying the privilege of the defendant in injunction, after previously paying out of the proceeds of said sale to the plaintiff, *Barelli*, the sum of three thousand six hundred dollars, besides interest and costs, being the amount of *Westmore's* mortgage; and that the plaintiffs' rights be reserved as above set forth.

It is further ordered, that the plaintiffs pay the costs of appeal.

LAND, J., absent, concurring.

## SAME CASE.—ON A RE-HEARING.

VOORHIES, J. Upon a careful review of article 2428 of the Civil Code, we have come to the conclusion that the doctrine of our former opinion is too broadly laid down.

By the alienation, of which mention is there made, must be understood a sale, donation or exchange. This article is borrowed from the 13th law of title 7th of 3d Partida, which is explicit upon this subject. With regard to incumbrances, such as mortgages, which the defendant may create during the pendency of the litigation, it is evident that they must, apart from the provisions of the article, fall with a decision adverse to the defendant's title. And, indeed, the same may be predicated of the alienation of the property under the same circumstances. The reason is the same : in one case the party sells, and in the other mortgages the property of another person. C. C. 2427, 3267.

Article 2428 is the corrolary of article 2427, which declares that the sale of a thing belonging to another person is null ; and when, pending the litigation, the defendant alienates the property in revendication, the former article considering it " as a sale of another's property," goes on to give to the plaintiff, whose title is recognized, the right to be put in possession, notwithstanding the alienation.

The law considers such a transfer as a fraud upon the owner on the part of the transferror, if not of the transferee.

The sum and substance of article 2428 is that the owner of property, who has sued in revendication, is entitled, upon rendition of judgment in his favor, to be put in possession by virtue of such judgment, even if the defendant has alienated the property during the pendency of the action.

But a party who institutes the hypothecary action, cannot interfere with the right of the defendant, as owner, to alienate the property during the pendency of suit,—for two reasons : first, because, in the words of the article, this is not *the sale of another's property ;* and secondly, because the plaintiff, however successful, is not entitled to *the possession of the property.*

With regard to the rights of mortgagees, this matter is susceptible of further illustration. To have effect against third persons, mortgages must be reinscribed after the lapse of ten years, notwithstanding the pendency of suit.

In the case of *McElrath* v. *Dupuy,* 2 An. 523, a case where the point was made, that pending the litigation, the object of which was to enforce the mortgage, no prescription ran between the parties, this Court said, quoting the case of *Shepherd* v. *The Cotton Press,* 2 An. 100, " We there held with regard to inscribed mortgages, that the delay of ten years is in all cases fatal ; and if it be permitted to expire without a reinscription, the mortgage loses rank, and that a litigation between the mortgage creditors does not dispense with reinscription." The same doctrine was held in the case of *Hyde* v. *Bennett,* 2 An. 800. In the case of *Young* v. *City Bank,* 9 An. 194, the Court said : " Under this article (3333), it has been held that the reinscription as prescribed, is indispensable to the enforcement of the mortgage against third persons, and that the institution of a suit on the mortgage, or a litigation in respect to it, does not dispense with it."

If a reinscription of the mortgage within the ten years is necessary in order to maintain its force against an innocent purchaser, *a fortiori,* is it essential that it should be recorded in the first instance in order to produce effect against a third party without actual notice.

The case of *Cantereau* v. *Lecaze*, 9 An. 257, cited by defendant, is not in conflict with the previous decisions cited, for the demand which operated as constructive notice in that case, was *the revocatory action*. And so also it was held in *Gillespie* v. *Cammack*, 3 An. 252 ; *Gales* v. *Christy*, 4 An. 295.

It is, therefore, ordered, adjudged and decreed by the Court, that the judgment heretofore pronounced by us be set aside and avoided ; and it is now ordered, adjudged and decreed, that the judgment of the lower Court be affirmed, with costs.