No. 3962

Second Circuit

(Second Division)

MURFF v. RATCLIFF

(January 14, 1932.   Opinion and Decree.)
(February 16, 1932.   Rehearing Refused.)

(See, also, 171 La. 419, 131 So. 194.)

Murff & Perkins and Jos. H. Levy, of Shreveport, attorneys for plaintiff, appellee.

Edward Barnett, of Shreveport, attorney for defendant, appellant.

CULPEPPER, J.   Plaintiff obtained a judgment against one Ben J. Jamison, who at the time owned certain real property constituting his homestead, but on which Clem V. Ratcliff, defendant herein, held a special conventional mortgage containing a homestead exemption executed by Jamison and his wife.   Ratcliff permitted ten years to elapse from the date of his mortgage without reinscribing same, but he did reinscribe the mortgage something over a year thereafter.   Shortly before the expiration of the ten-year period, however, Ratcliff obtained order of seizure and sale of Jamison's property under the mortgage. During the time the property was being advertised for sale, Jamison and his wife executed a formal notarial act of sale thereof to Ratcliff for a recited cash consideration, and on the day following this act Ratcliff reconveyed the property to Jamison by a similar act, except that it was for an increased price and on terms of credit.   A few days later, which was on the day the public sale was to take place, Ratcliff ordered the sale stopped and the seizure dismissed.   A short time there-

after, but before the mortgage was reinscribed, plaintiff in the present suit, proceeding by fieri facias under his judgment, had the property seized in the hands of Jamison, and same was being advertised for sale, when Jamison and his wife brought injunction proceedings against the sale, coupled with a demand to have the sale by them to Ratcliff and Ratcliff's resale to them reformed and corrected so as to have same decreed to be only a security contract or mortgage, on the alleged ground that the acts were intended as such, and alleging that the execution of the acts in the manner and form they were executed was due to a legal fraud perpetrated upon them (Jamison and his wife) by Ratcliff. Ratcliff for this reason was made party defendant with Murff, the judgment creditor.

Upon a trial the court rendered a preliminary judgment of injunction against the sale, effective until further orders of the court. Pending final hearing in this matter, Ratcliff, who shortly before the preliminary judgment was rendered reinscribed his original mortgage, issued execution thereon by executiva, had the property reseized, advertised, and he himself bought it in and the proceeds applied on the mortgage debt.

Thereafter, plaintiff herein, after preliminary demands, brought this hypothecary action against Ratcliff, demanding that Ratcliff either pay plaintiff the amount of his judgment or surrender the property that same might be sold for payment thereof. There was judgment for plaintiff, and defendant appealed.

Plaintiff contends: (1) That defendant's mortgage perempted because it was not reinscribed within ten years, as required under the Code (Civ. Code, art. 3369); (2) that Jamison lost his homestead exemption as to all creditors by a conventional sale of the property to Ratcliff and resale by Ratcliff to him before Ratcliff foreclosed on the mortgage.

Defendant Ratcliff contends: (1) That his mortgage did not perempt because his suit to foreclose on the mortgage was first instituted before the ten years had elapsed for its reinscription; and that, notwithstanding he released the seizure and later reseized and sold the property under the mortgage, after the ten-year period, his first foreclosure proceeding remained dormant, and prevented peremption from running; (2) that the sale to him by Jamison and the latter's resale to defendant was intended "as a security contract and did not have the effect of depriving Jamison" of ownership, as he continued to remain, at all times, in the actual possession and occupancy thereof; (3) that the property constituted Jamison's homestead, that defendant held a waiver from Jamison of said homestead, which entitled defendant to the proceeds of the sale over plaintiff who did not have a waiver.

The district judge rendered an able and exhaustive written opinion in the case. We have studied the opinion with much interest and care, as well as the pleadings and testimony in the record, and we fully concur in his findings.

As to defendant's contention first outlined above, it seems well settled that the institution and pendency of the suit before prescription is acquired, does not dispense with the reinscription, and the failure to reinscribe within ten years is fatal. Hyatt v. Gallier et al., 6 La. Ann. 321. Especially is this true as affecting third parties.

To have effect against third persons, mortgages must be reinscribed after the lapse of ten years, notwithstanding the pendency of suit. Barrelli v. Delassus, 16 La. Ann. 280.

After the lapse of ten years, without reinscription before that time, subsequent mortgages are not affected by the first inscription; and neither notice, nor even the pendency of a suit on the mortgage, dispenses with the reinscription. Watson v. Bondurant, 30 La. Ann. 1.

Defendant's contention first above set out is, we think, therefore untenable.

As to the second contention of defendant regarding the sale and resale, plaintiff contends that these acts were outright sales, and that, as a result, Ratcliff became the owner of the property, and, being owner of both the property and the mortgage debt, the latter became extinguished by confusion. If it be true that Ratcliff did become owner of both at the same time, plaintiff is clearly correct. These transactions between Ratcliff and Jamison have all the earmarks of a sale. Besides, the judgment of the court in Jamison's injunction suit against Murff and Ratcliff, referred to above, and in which this same question was at issue in connection with the question of Jamison's right of homestead exemption, appears fully decisive of the matter. For certainly, if it had been there held that there had been no sale, Jamison's homestead exemption would never have ceased to exist, and the court would necessarily have had to recognize that fact, if it had been a fact. The fact that the judge in his final judgment in that case rejected Jamison's contention establishes the fact that the court found that there had been a sale by Jamison to Ratcliff, just as was contended by Murff, and as he now contends in this case. Ratcliff was a party to that suit and so was Murff. No appeal was taken from the judgment. It had become final when the present suit was instituted, and the question here raised, we think, and as contended by plaintiff, has become res adjudicata. The lower court was evidently of the same opinion, and we think correctly so. Plaintiff for that reason pleaded estoppel against defendant's position on this point, and we think the plea well taken.

As to defendant's third contention above set out, it would necessarily follow that the fact of the sale of the property by Jamison destroyed his then existing right to claim homestead exemption as against any and all mortgages against the property. This is elementary, and needs no citation of authorities.

It is also true that, where the owner sells his homestead, it passes to the purchaser burdened with any judicial mortgages which might exist against it. In Herbert v. Mayer, 42 La. Ann. 840, 8 So. 590, the court held that:

"The repurchase of the property by the debtor can not revive the homestead. The conditions upon which it was originally granted ceased to exist when he sold it. New conditions must arise in order to entitle him to the homestead exemption." Denis v. Gayle, 40 La. Ann. 286, 4 So. 3; Seal v. Sam, 131 La. 919, 60 So. 616.

This being true, defendant's claim for benefits of Jamison's rights of exemptions can avail him nothing in this case.

For the reasons assigned, the judgment of the lower court appealed from is affirmed.