## FRIEDRICH v. HANDY ANDY COMMUNITY STORES OF LOUISIANA, Inc. et al.

### No. 5093.

Court of Appeal of Louisiana. Second Circuit.

Dec. 13, 1935.

H. W. Ayres, of Jonesboro, and Barksdale, Bullock, Warren, Clark & Van Hook, of Shreveport, for appellants.

J. Fair Hardin, of Shreveport, for appellee.

MILLS, Judge.

This is a suit by executory process upon a note secured by chattel mortgage upon two refrigerating units. The action is originally brought against Handy Andy Community Stores of Louisiana, Inc., mortgagor. Demand was made upon Dr. A. E. Simonton, third possessor and claimant, as owner, to either pay the debt or surrender the property. He answered, basing his defense upon his title as transferee of negotiable shipper's order bills of lading.

This issue, going to trial upon a statement of facts, was decided adversely to the third possessor, who has appealed. In this court he has filed a plea of peremption founded upon the following provision of the Chattel Mortgage Act, No. 198 of 1918, § 7, as amended by Act No. 232 of 1924: "And provided further that the effect of a chattel mortgage shall cease if the inscription thereof has not been renewed, in the same manner in which it was first made, within five (5) years from the date thereof."

The chattel mortgage was recorded March 9, 1929. There is no proof that it has ever been reinscribed. Suit was filed May 11, 1929, submitted for decision November 16, 1934, judgment was rendered January 18, 1935, and signed March 12, 1935. Peremption, then, became effective after the date of the filing of the suit and before its submission and judgment. The plea must be sustained unless the filing of the suit operated as an interruption. The following cases hold squarely that it does not: Hyde v. Bennett, 2 La.Ann. 799; Hyatt v. Gallier, 6 La.Ann. 321; Adams v. Daunis, 29 La.Ann. 315; Watson v. Bondurant, 30 La.Ann. 1; Murff v. Ratcliff, 19 La.App. 109, 138 So. 908; Barelli v. Delassus, 16 La.Ann. 280; McDaniel v. Smith, 13 La.App. 61, 127 So. 108.

"Where the plea of prescription is filed in the Supreme Court, and the record shows that the obligation on which the judgment of the lower court is founded is prescribed,

and the appellee does not ask that the case be remanded to enable the holder to show an interruption, the plea will be maintained in the Supreme Court." Long v. Succession of Scott, 21 La.Ann. 120.

The judgment appealed from is accordingly reversed, and judgment now rendered sustaining the plea of 'peremption filed by Dr. A. E. Simonton, decreeing the mortgage sued upon to be of no effect, and dismissing plaintiff's suit.

Section 2 of Act No. 229 of 1910 gives to appellate courts the power to tax costs as deemed equitable.

In this case plaintiff had a cause of action when the suit was filed. The plea of peremption was not interposed until after the case reached this court.· We deem it equitable, and so order, that Dr. A. E. Simonton pay the costs of the lower court and plaintiff those of appeal.