JANVIER, Judge.
On December 26, 1952, Joseph J. Lally, while a passenger in a taxicab of Checker *603 Cab Company of New Orleans, Inc., operated by James F. Jones, sustained physical injuries when that cab came into collision with.another taxicab of Nola Cabs, Inc., which was operated by Harry C. Taylor.
Alleging that the accident had been caused by negligence of both taxicab drivers, the said Lally, on December 17, 1953, brought this suit in the First City Court of New Orleans against both taxicab companies and also against Taylor, the operator of one of the taxicabs. He prayed for solidary judgment against the three defendants in the sum of $950.
On January 4, 1954, Checker Cab Company of New Orleans, Inc., filed exceptions and an answer. At that stage of the proceedings neither Nola Cabs nor Taylor made an appearance. The matter had not come to trial and there had been no judgment rendered when, on June 24, 1954, the plaintiff, Joseph J. Lally, died, leaving a widow, Mrs. Elsie Shelley Lally, and three children, one of whom, Joseph Dennis Lally, was a minor. In the Civil District Court for the Parish of Orleans the succession of said Lally was judicially opened and the widow was recognized as administra-trix. On May 4, 1956, there was judgment discharging the administratrix and sending the three children into possession of the estate of the decedent. Thereafter on October 15, 1958, which was more than four years after the death of Lally, the said widow, Mrs. Elsie Shelley Lally, styling herself as surviving spouse in community and appearing in her own behalf and on behalf of the minor son, Joseph Dennis Lally, filed in this suit which had been filed by the decedent a petition in which she alleged that she, as widow in community, and the said minor were entitled as plaintiffs to proceed with the said suit which had been filed by the deceased, Joseph J. Lally. To this petition all defendants filed pleas of prescription of one year and the defendants, Nola Cabs, Inc., and Harry C. Taylor, also filed answer. The other defendant, Checker Cab Company of New Orleans, Inc., as already stated, had filed answer previously.
There was judgment dismissing the suit as against all three defendants and Mrs. Lally has appealed on her own behalf and in behalf of the minor.
The sole question presented is whether or not the widow and the minor child, having allowed more than one year to elapse after the death of Lally before attempting to make themselves parties plaintiff, have lost such right as they may otherwise have had.
Counsel for the defendants rely on what they term the plea of prescription of one year, which more properly should be termed a plea of peremption. They rely on that part of Article 2315 of our LSA-Civil Code which provides that, in case of death, the action “shall survive * * * for the space of one year from the death * *
Counsel for the widow and the minor child, on the other hand, treat the matter as though the only question is whether at the death of Lally the action abated, and they have made an exhaustive study of the statutes and jurisprudence on the question of when a suit, as a result of the death of the plaintiff, abates. However, they have apparently failed to note the distinction between an action which is heritable and one which is purely personal, and they have also failed to note that the real contention is not that the action abated as a result of the death, but that peremption has resulted from failure to appear within the time prescribed.
Counsel especially fail to note that it is not the contention of defendants that the action was abated by the death of Lally. It is conceded that that action did not automatically abate when Lally died. All that counsel for defendants say is that the death of Lally before he had obtained judgment did not convert the action, which was purely personal, into one which was heritable and that, therefore, since the action which was personal to the original plaintiff and is still purely personal to the new plaintiffs was originally authorized by LSA-Civil Code, Article 2315, it is still controlled by the provisions of that article and that ac *604 cordingly in order that the new plaintiffs be permitted to proceed with that suit, they were.under the necessity of making themselves parties within one year of the death of the original plaintiff.
Thus the real question which is before us is not whether the action brought by Lally abated at his death, but whether it is controlled by Article 2315 of the LSA-Civil Code as it was controlled when it was filed.
Since there has been no judgment, no property right in favor of Lally came into being and therefore no heritable right in favor of Lally passed to his heirs. Castelluccio v. Cloverland Dairy Products Co., 165 La. 606, 115 So. 796.
Counsel for plaintiffs confidently point to Act 59 of 1954 which amends LSA-R.S. 13:3349 and Act 57 which expressly amends Article 21 of our Code of Practice, and which is in effect a reenactment of Article 361 of the Code of Practice and they insist that the language of those statutes makes it imperative that we recognize that not only did the action not abate at the death of Lally, but that, as a result of those statutes, the present plaintiffs were automatically and by operation of law substituted for the original plaintiff and that therefore, as automatically substituted plaintiffs, they were under no necessity of filing any appearance within the year which followed the death of Lally, and cannot be deprived of their rights except possibly by failure to prosecute within five years.
Our Supreme Court and other appellate courts in earlier cases have considered such a question and have given careful study to the wording of the codal articles which are involved, to-wit Article 21 of the Code of Practice, Article 361 of the same Code, and Article 2315 of the LSA-Civil Code and LSA-R.S. 13:3349, before the amendments which resulted from Acts 57 and 59 of 1954.
Referring to the non-abatement statute— LSA-R.S. 13:3349, which was in force prior to the amendment of 1954, the Supreme Court in McConnell v. Webb, 226 La. 385, 76 So.2d 405, 409, said:
“* * * The statute no doubt may have its proper application in all other actions but it cannot be held to have effected a change in the rights and obligations of parties arising under substantive law and sought to be enforced in actions that are strictly personal.”
The substantive law referred to is Article 2315 of the LSA-Civil Code, and what the Court held was that the provisions of the Revised Statutes did not, in an action brought under that article, eliminate the-requirement that, at the death of the original plaintiff, the provisions of the article-should remain effective. The fact of the-matter is that, as shown in Miller v. American Mutual Liability Insurance Company,, infra, the one-year provision of the article is a peremption as a result of which, at the expiration of one year from the death,, the right of the survivors terminated as a. matter of law and nothing that they could do thereafter brought that right back into-existence. The Court quoted from 13 Tulane Law Review, page 39, as follows:
“* * * A period of peremption admits of no interruption or suspensions. The performance of the required act must be accomplished within-the specified time at the peril of the party whose duty it is to perform such-act. A period of prescription differs-in that it may be suspended or interrupted for various reasons. The institution of suit interrupts prescription. La. Act No. 39 of 1932, McCoy v. Arkansas Natural Gas Co., 1936, 184 La. 101, 165 So. 632. But it does not affect peremption. McElrath v. Dupuy, 1847, 2 La.Ann. 520; Hyde v. Bennett, 1847, 2 La.Ann. 799; Murff v. Ratcliff, 19 La.App. 109, 138 So. 908, supra note 93. * * *”
Counsel for plaintiff recognize the effect of this statement, but they say that, since it was rendered in an opinion which was prior *605 to the enactment of 1954, the result would have been different had the statutes of 1954 been in effect.
A reading of Article 21 of the Code of Practice and of LSA-R.S. 13:3349, and of Article 361 of the Code of Practice and a comparison with the provisions of the amendment effected by Act 57 of 1954, makes it very obvious that the only difference between the abatement laws as they were prior to the amendments of 1954 and the non-abatement law as it appears in Acts 57 and 59 of 1954 is that, prior to those enactments, it was provided that there was no abatement if issue had been joined, whereas by the amendments it is now provided that the mere filing of the suit prevents the abatement. Neither the non-abatement laws as they existed previously nor as they have been amended by the acts of 1954 had any effect on the provisions of Article 2315 of our LSA-Civil Code under which this suit was filed and under which the right of the survivors came into existence when the original plaintiff died.
As we have already stated, the real question is not whether the suit abated, but whether it was necessary for the survivors to make themselves parties within the year which is provided by the codal article.
 The Court of Appeal for the First Circuit, in an exhaustive opinion, discussed this entire question in Miller v. American Mutual Liability Insurance Co., 42 So.2d 328, 330, and held that where the original plaintiff dies, the survivors designated in Article 2315 must make themselves parties within the year of the death. In that case our Brothers of the First Circuit directed attention to the fact that a right to sue for injury or death caused by tort is a personal one. It did not exist under the common law nor under the civil law except where created by special statute. And they also directed attention to the fact that where such a right is created by special statute, in order to assert that right, the requirements of the statute must be complied with. In the Miller case we find cited Guillory v. Avoyelles Railway Co., 104 La. 11, 28 So. 899, in which the following appears:
“When a statute creates a right of action, and stipulates the delay within which that right is to be executed, the delay thus fixed is not, properly speaking, one of prescription, but is one of peremption. Statutes of prescription simply bar the remedy. Statutes of peremption destroy the cause of action itself. That is to say, after the limit of time expires the cause of action no longer exists; it is lost. * * * ”
That the supervisors in a case such as this must make themselves parties within a year of the death of the original plaintiff has been held in many other cases. We ourselves in Covey v. Marquette Casualty Co., La.App., 84 So.2d 217, 221, referring to Article 2315, said:
“However, the article, as now amended, creates a new right in the various survivors who are designated and under that right they, as survivors though not as heirs, may, by substituting themselves, continue with the suit which was commenced by the original plaintiff, provided they do so within one year of the death of the original plaintiff.”
As a matter of fact, counsel for those who would now substitute themselves as plaintiffs, without realizing it, have indicated very plainly that they recognize that the rights which they now seek to assert are granted by Article 2315. If the right is a heritable right it would have passed to the heirs and would not have been limited to the widow and the one child who is a minor. The ignoring of the other two children and the filing of the petition on behalf of the widow and minor child alone evidences a recognition of the fact that, if there is any right, it is a right given by Article 2315 which goes not to the heirs but only to the designated survivors.
Counsel for the plaintiffs make one additional argument based on the words of the amendment of 1954. They point to the fact *606 that, in that amendment (Act 57 of 1954) it is provided that there is no abatement, and that where there is a death of a plaintiff, “the heirs, legatees, administrator, or executor of the deceased party may be substituted as parties in any case wherein they succeed, by operation of law, to the rights of the deceased party.” Counsel point to the words “by operation of law” and argue that the effect of those words is that where the original plaintiff dies, they were substituted automatically or, as they say, “by operation of law”, and that no petition in fact was necessary.
We do not so interpret those words. All that the article states is that, where there is a death, those who, by operation of law, would succeed to the rights of the party may do so, but it necessarily follows that they must comply with the requirements of the law which created the right and which requires that they make themselves parties within a specified time.
The judgment appealed from is affirmed at the cost of appellants.
Affirmed.