**Harold P. VELEZ, d/b/a Velez Piano Company, Plaintiff,**

v.

**Alwynn CRONVICH, Sheriff of Parish of Jefferson and Gulf South Bank and Trust Co., Defendants.**

**Civ. A. No. 76–2209.**

United States District Court, E. D. Louisiana.

March 7, 1978.

---

James T. Flanagan, Metairie, La., for plaintiff.

Joan Elaine Chauvin, Mary Williams Cazalas, Asst. U.S. Attys., New Orleans, La., for intervenor, U.S.A. on behalf of the Small Business Administration.

Michael J. Moran, Metairie, La., for defendants.

CASSIBRY, District Judge:

The plaintiff Harold P. Velez, d/b/a Velez Piano Company, Inc., seeks an injunction prohibiting Alwynn Cronvich, Sheriff of the Parish of Jefferson, and the Gulf South Bank and Trust Company (formerly Mercantile Bank and Trust Company), a judgment creditor of Harold P. Velez, from selling at judicial sale the "Velez Player Piano" seized in these proceedings, and seeks a judgment ordering the return of the piano to 2319 Metairie Road, Metairie, Louisiana, the place from which it was seized.

The judgment under which the seizure was made was rendered in Orleans Parish on May 2, 1974 in favor of Gulf South Bank

and Trust Co. (Gulf South) against plaintiff individually and made executory in Jefferson Parish on May 25, 1976. Pursuant to a writ of Fiera Facias, the Civil Sheriff for Jefferson Parish seized plaintiff's invention known as the "one man band player piano," but before its sale plaintiff filed this injunction proceeding. The Small Business Administration (SBA) as a holder of a chattel mortgage on the inventory of Velez Piano Company, Inc., intervened to protect its interest in the one man band and removed the case to the United States District Court for the Eastern District of Louisiana. The material facts are not in dispute; therefore, the parties have submitted the case on briefs and memoranda for disposition of their motions for summary judgment. The central issue is whether Gulf South's seizure is valid, or whether it should be set aside so that the one man band can be returned to the inventory of Velez Piano Company, Inc., upon which the SBA has a chattel mortgage.

Several transactions of the parties have culminated in the present suit. On August 3, 1971 plaintiff Harold P. Velez, in order to secure a loan in the amount of $11,000.00 from Mercantile Bank and Trust Company (now Gulf South), put a third mortgage on a certain piece of real estate plus a chattel mortgage on certain player pianos. The purpose of the loan was to develop plaintiff's invention, the one man band. Subsequent to the loan plaintiff dismantled the player pianos which were the subjects of the chattel mortgage and used various parts to make the one man band. When plaintiff defaulted on his loan Gulf South proceeded against Velez in an ordinary suit and obtained a judgment in Orleans Parish on May 2, 1974 in which its chattel mortgage and its third mortgage on the real estate were specifically recognized. Under this judgment the one man band was seized. Gulf South thereafter purchased the first and second mortgage notes on the real estate so that it held all three mortgages plus the chattel mortgage on the player pianos. Gulf South foreclosed on the first mortgage, and the real estate, which was sold without appraisal, brought an insufficient amount to apply any sums toward plaintiff's defaulted loan. In September of 1975 plaintiff removed the one man band from Orleans Parish to Jefferson Parish. However, he remained domiciled in Orleans Parish.

On February 2, 1976 plaintiff's wife executed a promissory note to the SBA and secured the note with a chattel mortgage on the entire inventory of Velez Piano Company. This inventory included the completed one man band. On March 12, 1976 plaintiff incorporated and sold all of his assets, including his inventory, to Velez Piano Company, Inc., in consideration of the corporation's paying the SBA. On May 25, 1976 Gulf South made its judgment executory in Jefferson Parish and had the Civil Sheriff seize the one man band. Plaintiff filed in the Twenty-Fourth Judicial District Court, Parish of Jefferson, State of Louisiana, a petition for a preliminary and permanent injunction against the Civil Sheriff of Jefferson Parish prohibiting him from selling at judicial sale the one man band and ordering him to return it to plaintiff's corporation. The SBA intervened in this suit to protect its interest in the one man band under its chattel mortgage on plaintiff's inventory, and removed the case to this court.

Both plaintiff and the SBA want the one man band returned to the corporation's inventory, therefore, their positions are somewhat similar. Plaintiff contends that (1) Gulf South's judgment is an invalid deficiency judgment because of the bank's failure to appraise the real estate seized and sold pursuant to the first mortgage, and (2) Gulf South's chattel mortgage became ineffective when plaintiff dismantled the player pianos and made the one man band. The SBA claims (1) that its chattel mortgage primes that of Gulf South because Gulf South's chattel mortgage has no present legal effect since Gulf South failed to reinscribe it within five years, and that the judgment obtained by Gulf South did nothing to toll the reinscription statute, and (2) that Gulf South seized the property of Velez Piano Company, Inc., instead of the

property of Velez individually. Each of these claims will be discussed in turn.

■ Plaintiff first contends that La.R.S. 13:4106 prohibits Gulf South's judgment as a deficiency judgment after a sale made without appraisal.[1] Gulf South admits that it sold the real estate seized under the first mortgage without appraisal, but contends that the judgment at issue was rendered on a debt entirely separate from the debt secured by the first mortgage. The court agrees with Gulf South that its judgment was obtained on a separate debt and La.R.S. 13:4106 does not apply. A reading of that statute indicates that it covers a deficiency judgment obtained after foreclosure and sale on a *single* debt. This is not the situation in the present case as Gulf South was the holder of three mortgage notes on the real estate and a chattel mortgage on player pianos to secure three debts. The judgment here resulted from a suit on a debt distinct from the debt secured by the first mortgage on the real estate. The suit was not a proceeding against Velez personally to recover any deficiency resulting from the sale of the real estate to satisfy the first mortgage note, and the judgment therefore is not a deficiency judgment prohibited by La.R.S. 13:4106. Plaintiff's first contention is not well founded.

■ Plaintiff next argues that Gulf South's chattel mortgage became ineffective when plaintiff dismantled the player pianos subject to the chattel mortgage and used their parts to create the one man band. It follows from this, he says, that the judgment obtained by Gulf South on May 2, 1974 was invalid because it was obtained on an invalid chattel mortgage. In support of this position plaintiff cites La.C.C. Art. 2219 which states:

> When the certain and determinate substance, which was the object of the obligation, is destroyed, is rendered unsalable, or is lost, so that it is absolutely not known to exist, the obligation is extinguished, if the thing has been destroyed or lost, without the fault of the debtor, and before he was in default.

.    .    .    .    .

Plaintiff cites no cases to support this argument; therefore, we rely on the plain meaning of article 2219. First, the objects of the obligation, the player pianos, cannot be said to be absolutely non-existent. The player pianos, albeit their dismembered components, still exist in the one man band. Furthermore it cannot be said that this occurred without any fault on the part of plaintiff since he himself dismantled the player pianos. For these reasons article 2219 is inapplicable. Since plaintiff obtained the loan from Gulf South to build the one man band and voluntarily mortgaged the player pianos to be used, the burden was on plaintiff to show which parts, if any, of the one man band were not obtained from the mortgaged player pianos. Plaintiff has not met this burden of showing what parts of the one man band were not covered by Gulf South's mortgage; therefore, Gulf South's chattel mortgage was valid and it attaches to the entire one man band.

The SBA first challenges the chattel mortgage as being ineffective because of a lack of reinscription within five years as required by La.R.S. 9:5356.[2] Gulf South

---

1. La.R.S. 13:4106 provides:

> If a mortgagee or other creditor takes advantage of a waiver of appraisement of his property, movable, immovable, or both, by a debtor, and the proceeds of the judicial sale thereof are insufficient to satisfy the debt for which the property was sold, the debt nevertheless shall stand fully satisfied and discharged insofar as it constitutes a personal obligation of the debtor. The mortgagee or other creditor shall not have a right thereafter to proceed against the debtor or any of his other property for such deficiency, except as provided in the next paragraph.
>
> If a mortgage or pledge affects two or more properties, movable, immovable, or both, the judicial sale of any property so affected without appraisement shall not prevent the enforcement of the mortgage or pledge in rem against any other property affected thereby.

2. La.R.S. 9:5356 provides as to the reinscription of chattel mortgages:

> When any mortgage * * * shall have been fully paid or satisfied the mortgage may be cancelled in any manner provided by law

denies that its failure to reinscribe within five years rendered its chattel mortgage ineffective, but contends that, if the failure to reinscribe was fatal to the chattel mortgage, its prior seizure under a valid judgment of a movable belonging to Velez primes the chattel mortgage held by SBA that was never properly recorded under La. R.S. 9:5353.

█ The failure of Gulf South to reinscribe causes the mortgage to cease to have effect as to third persons. The 5-year period is one of peremption which is not interrupted by suit instituted before the end of that period, *Murff v. Ratcliff*, 19 La.App. 109, 138 So. 908 (1932); *Friedrich v. Handy Andy Community Stores of Louisiana*, 164 So. 486 (La.App.1935), and the necessity for reinscription is not dispensed with by a judgment recognizing a chattel mortgage, see *Lemelle v. Thompson*, 34 La.Ann. 1041 (1882); *De St. Romes v. Blanc*, 31 La.Ann. 48 (1879).

█ A chattel mortgage is effective as between the parties, although it has not been recorded. *Harnischfeger Sale Corp. v. Sternberg Co., Inc.*, 179 La. 317, 154 So. 10 (1934); *Remington-Rand, Inc. v. Profits Island Gravel Co., Inc.*, 144 So. 636 (La.App. 1932), aff'd on rehearing 150 So. 76 (La. App.1933). Reinscription is unnecessary, therefore, to continue a chattel mortgage in effect as between the parties.[3] Velez's argument that the failure to reinscribe caused the mortgage to lose its effect is not valid, therefore, as between him and Gulf South.

█ The fact that Gulf South's mortgage became ineffective against third parties because of the failure to reinscribe, however, does not permit the SBA to prime Gulf South as a creditor. The SBA did not record its chattel mortgage as required by the statute to make it effective against third parties.[4] The statute requires recordation in the parish where the mortgaged property is to be located and in the parish of the mortgagor's domicile. The mortgage was filed only in Jefferson Parish where the mortgaged property was to be located and not in Orleans Parish the domicile of the mortgagor. The mortgage is effective against third persons only from the time it is recorded in the proper offices. The mortgage therefore has no effect against Gulf South.

Under the circumstances of this case neither the mortgage of Gulf South nor the mortgage of SBA has any effect against third persons and, as to Gulf South, the SBA is only an ordinary creditor. Gulf South prevails over the SBA by virtue of its privilege as a seizing creditor over ordinary creditors under La.C.C.P. Art. 2292.[5]

█ The SBA's final contention is that Gulf South seized the property of Velez

---

for the cancellation of mortgages on immovable property. The effect of a chattel mortgage shall cease if the inscription thereof has not been renewed in the same manner in which it was first made by the recorder of mortgages within five years from the date of the execution of the act of mortgage. Reinscription shall renew the effect of the mortgage for the amount unpaid for a period of five years from the date of the reinscription and further renewals may be made thereafter from time to time, the effect of each new *reinscription being for five years from its date.* * * *

3. This conclusion should follow as has been pointed out by Harriet Spiller Daggett in her article, The Chattel Mortgage in Louisiana, 13 Tulane L.Rev. 19, 38 (1938).

4. La.R.S. 9:5353–5354 provides:
In order to affect third persons, every chattel mortgage shall be by authentic act, or by private act, duly authenticated in any manner provided by law. A certified copy or a multiple original of every such act of mortgage shall be filed in the office of the recorder of mortgages of the parish where the mortgaged property is to be located according to the terms of the mortgage instrument and also in the office of the recorder of mortgages of the parish of the mortgagor's domicile . . . . . Every such mortgage shall be effective as against third persons from the time of filing in the proper offices, and the filing shall be notice to all parties of the existence of the mortgage, which shall be superior in rank to any privilege or preference arising subsequently thereto.

5. Art. 2292 provides:
The seizing creditor, by the mere act of seizure, acquires a privilege on the property seized, which entitles him to a preference over ordinary creditors.

Piano Company, Inc., rather than that of plaintiff as an individual. The argument is that plaintiff obligated himself as an individual to Gulf South whereas Gulf South seized the property of a third party, Velez Piano Company, Inc. The case of *Alliance Trust Co. v. Streater*, 182 La. 102, 161 So. 168 (1935) presents a similar situation. In that case the defendant was indebted to plaintiff, but before plaintiff could collect, defendant created a family corporation with himself and family members as sole stockholders and corporate officers. In effect, defendant had changed his old business into a new one and claimed that all of his assets were beyond the reach of his creditors. The court gave this transaction no effect and held:

> [T]he organization of this private corporation, the transfer to it by [defendant] of all of the property he owned in exchange for practically all its capital stock, cannot reasonably be viewed otherwise than as schemes, subterfuges, or devices either to give an unfair preference or to escape payment of his debts. . . .
> neither this court nor any other, so far as we know, has ever permitted a debtor to resort to such schemes or devices for evading his debts.

The court allowed the creditor to have the transfer of the debtor's property to the corporation set aside as a fraudulent conveyance or to obtain an order for the seizure of the property in the hands of the corporation as though no transfer had been made. This approach has been followed by the subsequent cases of *Shreveport Sash & Door Co. v. Ray*, 159 So.2d 434, (La.App. 1963); *Home Finance Service v. Linam*, 174 So. 389 (La.App.1937). Gulf South by seizing the one man band in the possession of the corporation has followed a course approved by the courts as a seizure as though no transfer had been made. Therefore its seizure is valid.

For the aforementioned reasons, the seizure and judicial sale by the Civil Sheriff of Jefferson Parish is valid and should be allowed to proceed. The motion of Gulf South for summary judgment is granted; the motions of Velez and SBA are denied.

The Clerk shall prepare judgment dismissing the injunction proceeding.